MANDAMUS. **Day *vs* The Justices of the Fleming Coun- ty Court.**

ERROR TO THE FLEMING CIRCUIT.

Case 59. *Sheriffs. Deputy Sheriffs.*

October 19. JUDGE EWING delivered the opinion of the Court.

The case stated.

AT the March term of the Fleming Circuit Court Truman Day, Sheriff of the county, moved the Court for a mandamus against the Justices of the Fleming County Court, to show cause why they refused to administer the oath of office to William S. Emmons, who had been duly appointed his under Sheriff or deputy; which motion was allowed and a summon to show cause awarded, returnable to the June term following. At the June term the Justices appeared, and showed for cause, that said Emmons was of bad and immoral character; that he had been appointed Constable in said county, and upon charges of misdemeanors and malfeasance in office, at the May term, 1839, upon a full trial, he had been removed from office, the majority of all the Justices in the county being present, and nine concurring in his removal, and two only dissenting.

Whereupon, the counsel for Day moved the Court for a peremptory mandamus, which motion being overruled, the case has been brought, by writ of error, to this Court.

A mandamus is the proper remedy to compel the County Court to qualify a deputy Sheriff.

Conceding that the *writ of mandamus* is the appropriate remedy for the injury complained of, and that the Circuit Court might properly grant it when a proper case is made out, *Taylor* vs *Commonwealth*, (3 *J. J. Marshall*, 401,) yet we cannot admit that the Circuit Court erred in refusing the peremptory mandamus in this case.

Though the Sheriff is authorized to appoint his deputies, yet the County Court is not bound to admit and qualify the deputies so

Though the Sheriff possesses the unquestionable common law power to appoint his own deputies, and to remove them at pleasure, it is his duty to appoint honest and competent persons, and the public is interested in his faithful execution of this trust. The power was reposed, not for his individual benefit, but for the public

good, and the County Court Justices, before whom his deputies are required to take the oaths of office, must be admitted to possess *some discretion* in guarding the public against a glaring and reckless abuse of this power.

It cannot be admitted that if the Sheriff should appoint a peculator and extortioner, a forger or a felon to office, that the County Court would be bound to administer to him the oaths of office, and thereby to qualify, license, and send him forth, clothed with the habilaments of office, to prey upon the public; yet if they have no discretion on this subject, to all such, should such be appointed, they might be bound to administer the oath.

We think that the facts and reasons presented by the Justices for their refusal to qualify Emmons, were sufficient, and that the motion for a peremptory mandamus was properly overruled.

Judgment affirmed with costs.

*Cavan & Cox* for plaintiff: *Boyd* for County Court.

---

*Nutter et al.*
*vs*
*Connet et al.*
appointed, if they be not competent and of good character.