JUDGE WILLIAMS
delivered the opinion op the court:
Jas. T. Applegate, being sheriff of Pendleton 'county, appointed Wm. M. Applegate his deputy, and desired the county court to qualify him as such, which the "court refused to do, solely because said William was under twenty-one years' of age; whereupon this appeal was prosecuted.
By section 15, Civil Code, this court has appellate jurisdiction over the final orders and judgments of all other courts of this Commonwealth, subject to the exceptions in section 16.
“A final order either terminates the action itself, decides some matter litigated by the parties, or operates to divest some right, in such a manner, as to put it out of the power of the court making the order, after the expiration of the term, to place the parlies in their original condition.''' (Maysville & Lex. R. R. Company vs. Punnett, 15 B. Mon., 48.)
The refusal of the county court to qualify this deputy did not preclude the court from doing so at a subsequent term, had the *237 court changed its mind. It is not therefore a final order over which this court has jurisdiction.
“Every sheriff may, by and with the approval of the county court, appoint his own deputy.” (Sec. 6, chap. 91, vol. 2 Stant. Rev. Stat., 340.) The appointing power although vested in a court is executive and not judicial. (Taylor vs. Commonwealth, 3 J. J. Mar., 401.) . The right of approval, and implied right of disapproval, confered by law on the court, appropriately belongs to the executive, and not the judicial, power of the court.
Mandamus from the circuit to the county court is an appropriate remedy whereby the county court may be compelled to show cause why they did not approve and qualify this deputy. (Day vs. the Justices of Fleming County Court, 3 B. Mon. 198.} In this kind of proceedings the sheriff on the one side, and the county court on the other, could present the causes of complaint and refusal, so that this court could adjudicate between them,, after a full hearing of both parties, and direct the proper determination.
This limitation on the power of the sheriff was doubtless conferred on the court the better to protect the public interest of each county, and, before its acts are interfered with, it should be heard.
Wherefore the appeal is dismissed.