JUDGE LINDSAY
delivered the opinion oe the court.
Upon the petition of over one hundred and thirty citizens of Hardin County, including the appellees, Short, Gaither, and Hansboro, commissioners were appointed by the county court of said county to make the necessary examination and report the facts connected with a proposed change in the public road leading from Elizabethtown to the town of Litchfield, inGrayson County. Their report having been returned, the appellants, Henry B. and Mary Helm, over whose land the change was proposed to be made, were duly summoned, and upon their motion a writ of ad quod damnum was awarded for the purpose of fixing the compensation to which under the law they would be entitled in case the change should be made. The inquest of the jury summoned and impaneled under this writ was quashed, and a second writ Avas awarded. The appellants excepted to the report of the viewers and also to *625 the second inquest, but their exceptions to both were overruled. After which the appellees moved the court to make the proposed change in said public road. This motion was overruled, and the application dismissed.
From this judgment an appeal was prosecuted to the circuit court of said county. In that court the appellants again presented their exceptions to both the report of the viewers and the inquest returned by the jury summoned and impaneled under the second writ of ad quod damnum. The exceptions were overruled as to the report of the viewers, but sustained as to the inquest, which was accordingly quashed. The circuit judge then awarded a third writ; The inquest returned under this writ, being defective in form, was quashed, and a fourth writ awarded.
Upon the return of the sheriff as to his action under this last writ, the circuit judge, conceiving that, as the jurisdiction of his court was exclusively appellate, he had no authority to order a new inquisition after quashing the inquest returned to the county court, set aside all orders made by him looking to that end, and entered a judgment reversing the action of the county court dismissing the application of the appellees, and directing said court to “ award an alias writ of ad quod damnum, and to cause the same to be duly executed, and then finally dispose of the application for a new road.”
From this judgment the Helms have appealed to this court. The first question to be determined is, whether this is such a final order or judgment in the proceeding in which it was rendered as is required by section 16 of the Code to give jurisdiction to this court. Blackstone (3 Commentaries, 497) ■ defines final judgments to be “such as at once put an end to.' the action by declaring that the plaintiff has either entitled himself or has not to recover the remedy he sues for.” In • the case of the Maysville and Lexington Railroad v. Punnett, 15 B. Monroe, 48, this court holds that, a final order “either *626 terminates -the action itself, decides some matter litigated by the parties, or operates to divest some right in such manner as to put it out of the power of the court making the order, after the expiration of the term, to place the parties in their original position.”
Both these definitions were quoted with terms of approval by this court in the subsequent case of Turner v. Browder and others, 18 B. Monroe, 826, and they may be accepted as correct expositions of the terms “final orders and judgments” as used in section 15 of the Code.
If the circuit judge was correct in his conclusion that his jurisdiction in this case was purely and simply appellate; that his power was revisory only; and that he had no authority, after he had determined that the action of the county court was erroneous and reversed the same, to afford further relief to those who had brought the case by appeal to his court, but was compelled to remand the entire proceeding to the county court, which, according to his view of the law, was the only tribunal having original jurisdiction in the matter; then it seems to us that it logically follows that his judgment is final in every essential. It declared that the appellees in this court were entitled to have the judgment of the county court dismissing their application for the new road reversed, and that was the remedy they sought to recover. It terminated the action or appeal in* the circuit court, and divested the Helms of a 'right acquired by them under the judgment in the county court in such a manner as to put it out of the power of the circuit court, after the expiration of the term, to place the parties in their original position.
By the 20th section of the Civil Code, circuit courts .are given appellate jurisdiction of the judgments and final orders of the county courts on the establishment, alteration, or discontinuance of roads and passways; the 21st section provides that the appellate jurisdiction shall extend to errors of fact as *627 well as of law; and the 22d section, that such appeals shall be taken in the same time and in a similar manner with appeals to the Court of Appeals, except that the original papers and copies of the orders, instead of a copy of the record, shall be delivered by the clerk of the county court to the clerk of the circuit court.
From these provisions it is evident that the proceeding, when brought by appeal from the judgment of the county court to the circuit court, is not to stand upon the docket, nor be tried as an original action, nor is it to be “ tried anew, as if no judgment had been rendered,” as provided for in appeals from quarterly, police, city, and justice’s courts by section 849. It seems to us that such appeals occupy in the circuit court an attitude exactly similar to that of an' appeal in this court, prosecuted from the judgment of a circuit court, admitting to record or rejecting a will. Both the law and fact of the case may be tried; but the circuit court can not hear or adjudge any matter of fact pertaining thereto other than such as may be certified from the county court.
The action of the latter tribunal may be revised, its errors pointed out, and it compelled by proper process to correct them. But the circuit court can not, because of the existence of such errors, usurp its jurisdiction, and undertake to afford to litigants that relief which the legislature evidently intended should alone be received at the hands of the tribunal having original jurisdiction of the subject-matter. In this conclusion we are fortified by the decision of this court in the case of Wood v. Campbell, 14 B. Monroe, 339.
In that case the county court established the proposed road, and its decision was affirmed upon appeal to the circuit court. This court held that the report of the viewers was defective and should have been quashed, and therefore reversed the judgment of the circuit court, and remanded the case with directions to that court not to undertake to cure the defective *628 proceedings of the county court, but to reverse its order establishing the road.
In our opinion therefore the only power the circuit court had, in view of its reversal of the judgment of the county court, was to remand the case to said court for the correction of the alleged errors, and that the exercise of this power was a final disposition of the.appeal; and hence that said judgment or order of the circuit court was such a final order in said proceeding as gives to this court jurisdiction of an appeal prosecuted from the -same.
It only remains now for us to determine whether or not the facts as presented by the record of the proceedings in the county court warranted the action of the circuit court in reversing its judgment.
The second inquest failed in every particular to respond to the writ, and ought to have been quashed by the county court. There is nothing in the record showing that the county court, upon the trial of the motion to establish the proposed road, heard or considered any evidence except the report of the viewers. From said report it appears that the present road leading from Elizabethtown to Litchfield can not be traveled without danger, from the locomotives and cars being operated upon the Elizabethtown and Paducah Railroad, and that the proposed change, if made, will enable the traveling-public to escape all such danger.
This consideration of itself is sufficient to justify the county court in granting the prayer of the applicants, however great the inconvenience which may result therefrom to the appellants. For this, as well as for the value of the land which may be taken from them, they can be compensated in money. And we presume the County of Hardin would not hesitate to pay any reasonable amount to assure the personal safety of that portion of her citizens whose only direct route to their court-house is by way of the present Litchfield road.
*629 It is objected, however, that the report of the viewers is defective and should have been quashed. From a careful inspection of said report we are inclined to think that it conforms substantially to every requisition of the statute, and that the exceptions to the same were properly overruled both by the county and circuit courts. We can not agree with the learned counsel, that because of the fact that the county court erred in refusing to sustain the exceptions of the Helms to the second inquest, and was therefore, as he assumes, compelled to dismiss the application for the establishment of the proposed road, that its judgment was correct and ought not to have been reversed. It does not appear from the record that the appellees were in any degree responsible for such error, and hence they ought not to be prejudiced thereby.
The county court, instead of committing a second error, in order to preserve its consistency, should have corrected the first, and made its judgment conform to the law and facts of the case.
The only available error presented by the record is as to the matter of costs. On the 7th of December, 1869, appellants moved the court to remand the proceeding to the county court, which motion was overruled. As said motion ought to have prevailed, the appellees are responsible for all costs incurred in the circuit court by either party subsequent to that time, as well as for all costs in and about the various writs of ad quod damnum sued out in the circuit court. In so far as the jndgment for costs does not conform to this view of the case, the same is reversed, and the cause remanded for its correction. In all things else the judgment of the circuit court is affirmed.