*W. Brown,* for *appellant.*

————, for *appellee.*

———

BEN GOODEN *v.* R. P. GRESHAM.

**Appeal—Final Judgment or Order.**

> The overruling of defendant's motion to dismiss the proceedings and set the same aside, is not a final order or judgment from which an appeal can be prosecuted.

APPEAL FROM ROCKCASTLE CIRCUIT COURT.

March 13, 1873.

OPINION BY JUDGE PETERS:

The order appealed from in this case reads as follows:

"This cause, having been submitted to the court on motion of the defendant to dismiss the proceedings herein and set aside the same, and the court now being sufficiently advised thereon, overruled said motion, to the overruling of which the defendant excepts and prays an appeal to the Court of Appeals, which is granted."

For appellee, it is insisted, that this is not a final order or judgment from which an appeal can be prosecuted to this court.

In *Maysville & Lexington Railroad Co. v. Punnett,* 15 B. Mon. 38, this court held that a final order either terminates the action itself, decides some matter litigated by the parties, or operates to divest some right in such manner as to. put it out of the power of the court making the order, after the expiration of the term, to place the parties in their original position. Now it is perfectly manifest that in overruling appellant's motion to dismiss the proceedings and set aside the same, the court below did not terminate the action, decided no matter litigated, and it did not operate to divest the party of any right or deprive the court of the power to place the parties in their original position after the expiration of the term, because the court could, either at that or the next term of the court, have gone on and disposed of the case just as if no such order had been made and, indeed, could, at any time, have reconsidered said motion. But if appellant's motion had prevailed, all the court could have done would have been to dismiss his appeal on his own motion, for the jurisdiction of the circuit court being strictly appellate, if on trial of the appeal it should have adjudged that the county court erred. It could have only reversed the judgment and remanded the cause for such judgment to be rendered as it might have directed. *Helm, etc., v. Short, etc.,* 7 Bush 623.

Appeal dismissed for want of jurisdiction.

*Scott, Holman, Bradley, for appellant.*

*James, for appellee.*