MARY B. VANARSDALL, ET AL., *v.* SOUTHWESTERN RAILROAD CO.

**Change of Venue.**

A change of venue in a civil proceeding is allowable in cases triable by a jury, but where a case is appealed from the county court to the circuit court, the questions open for consideration are to be tried by the court, and not by a jury, and therefore an application for a change of venue should be overruled.

### APPEAL FROM MERCER CIRCUIT COURT.

#### April 11, 1877.

OPINION BY JUDGE LINDSAY:

Section 3, Chap. 272 (Sess. Acts, p. 23), of the general acts of the legislature of 1871 and 1872, is incorporated in and made part

and parcel of the act to incorporate the Southwestern Railway Company.

Persuant to the provisions of this section, application was made to the county court of Mercer county, and a competent engineer and two disinterested housekeepers were thereupon appointed to examine this proposed route of this company's railroad and among other things to value the lands and other property about to be taken. They discharged this duty and reported back to the county court their conclusions as to the sum which should be paid to these appellants for the right of way through their lands. Their action in the premises seems to have been regular in all respects, and the only complaint made in the county court by the appellants was that the sum awarded was too small. Upon the other hand the appellee insisted it was too large.

The report was traversed by both parties, and the issues thus made up were tried in open court by a competent jury. The trial resulted in a verdict, for the appellants for fourteen hundred dollars, and the appropriate judgment was thereupon entered by the county court. When the case was reached in the circuit court, they filed the proper petition, supported by the necessary affidavits, and moved for a change of venue on the ground of undue influence of the appellee in the county of Mercer. A change of venue in a civil proceeding is allowable in cases triable by a jury. This case was in the circuit court on appeal. It did not stand as an original action to be tried de novo, as do cases brought up by appeals from quarterly and police courts. The county court had power to grant a new trial, and if the appellants were dissatisfied with the verdict of the jury they should have applied for a new trial before prosecuting their appeal. The section under consideration authorizes proceedings of this character to be commenced either in the circuit or the county court of the county. It empowers the court having original jurisdiction to grant a new trial, and also secures to either party the right to an appeal from the final judgment of that court.

It is immaterial whether the appeal be from the county or the circuit court; it is to be treated in the superior court as an ordinary appeal. *Helm v. Short,* 7 Bush 623. If the appeal was properly prosecuted to the circuit court, a question we do not decide, the questions open for consideration were to be tried by the court, and not by a jury, and therefore the application for the change of the venue was properly overruled.

Appellants could not in this collateral proceeding have the right

of the county clerk of Mercer county to hold his office and exercise its functions inquired into. We need not decide whether certain provisions of the company's charter are or not constitutional. So much of its charters as empowers it to construct a railroad, and to condemn the right of way, are constitutional, and none other than those provisions are called in question in this case.

There having been no motion for a new trial made in the county court, and no bill of exceptions made up, the circuit court could not pass upon the merits of the controversy. It did have the power, however, to examine into the regularity of the proceedings. But as we have already seen, there was no error in that regard. Strictly speaking, the circuit court should have affirmed the judgment of the county court instead of dismissing the appeal, but as the dismission accomplishes the same end that an affirmance would have accomplished, and as this technical error does not prejudice the substantial rights of the appellants, the judgment must be *affirmed.*

*Kyle & Poston, Hill & Alcorn, Saufley & Warren, for appellants.*
*Thompsons, T. C. Bells, for appellee.*