WILLIAM P. BENNETT, ET AL., *v.* JAMES BRYAN.

[Abstract Kentucky Law Reporter, Vol. 1—274.]

**Appeals from County Court to Circuit Court.**
> There being no provision of the civil code regulating the manner of appeals from the county courts in highway cases, such appeals must be prosecuted under the common law, and tried as appeals and not de novo.

APPEAL FROM GREENUP CIRCUIT COURT.

September 22, 1880.

OPINION BY JUDGE HARGIS:

The circuit court erred in dismissing the appellant's appeal from the judgment of the county court because it was not taken within sixty days from the rendering of the judgment, as provided in Sec. 729, Chap. 2, Title 16, Civil Code. That chapter does not confer appellate jurisdiction upon the circuit courts in cases arising in the county courts on applications to open public roads. Sec. 43, Art. 1, Chap. 94, Gen. Stat., declares that in all such cases the party aggrieved may prosecute an appeal within one year to the circuit court of the county, which court shall have jurisdiction without a jury to try the law and facts of the case. And this statute confers the jurisdiction on circuit courts, and not the chapter of the civil code before mentioned.

There being no provision of the civil code, the statute regulating the manner of appeals in this class of cases from the county courts, such appeals must be prosecuted under the common law and tried as appeals, and not de novo. *Helm v. Short,* 7 Bush 623. The appeal from the county court substantially complies with the common law, and should have been heard.

The order of the county court appointing viewers sufficiently states the object of the application to comply with the clause of Sec. 1, Art. 1, Chap. 94, Gen. Stat., authorizing the opening of roads "for the convenience of traveling to any navigable river". The order, after reciting the beginning and the terminus of the contemplated road, so as to intersect the Ohio River road, goes on and says it is for the purpose of getting through the nearest and best way from the Globe Schoolhouse and voting place to the Ohio river. The order does not leave the terminus of the contemplated road to be found by the general description of "to the Ohio River

road", which might be located a long distance from the river at that point, but specially sets forth that the purpose of the new road is to get to the Ohio river, which is a navigable stream within the judicial knowledge of the court.

Judgment *reversed* and cause remanded for further proper proceedings.

*B. F. Bennett, for appellants.*

*Geo. E. Roe, E. F. Dulin, for appellee.*