W. C. DAVIDSON *v.* J. H. DAVIDSON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—340.]

**Appeals from County Court to Circuit Court.**
> In appeals from the county court to the circuit court, in cases for the partition of real estate, under Sec. 837 of the code, in .force in 1880, and sections 20 and 22 of Myers' Code, the jurisdiction of the circuit court is purely appellate, and that court can only pass on such facts as are certified to it from the county court. It has no power to hear such cause de novo.

APPEAL FROM FULTON CIRCUIT COURT.

October 13, 1880.

OPINION BY JUDGE HINES:

This proceeding was instituted in the county court for the division of land, in November, 1876, and under Sec. 837 of the present code is to be governed and regulated by the provisions of Myers' Code: Section 20 of that code gives circuit courts appellate jurisdiction on appeal of such cases, and Sec. 22 provides that such appeals shall be taken in the same time and in a similar manner, with appeals to the court of appeals. It has been frequently held by this court that, on appeals from the county court to the circuit court under these sections, the jurisdiction of the circuit court is purely appellate, and that

it can.pass only upon such matters of fact as are certified from the county court. *Helm v. Short,* 7 Bush 623.

On this appeal to the circuit court there is no bill of evidence, but in the judgment of the county court it is recited that upon hearing the evidence, argument of counsel, etc., it is adjudged that the petition be dismissed.

On the appeal to the circuit court the case was heard de novo, and a judgment again rendered dismissing the petition. This the circuit court had no right to do, and if the answer and amended answer in the county court present any defense the circuit court should.have simply affirmed the judgment of the county court. It appears to us that the allegations in the amended answer that "the plaintiff does not own nor possess, nor does he have any right to, said quarter of land," and which was controverted of record, presents a substantial issue upon which the county court properly heard evidence, and there being no bill of evidence this court must assume that the evidence heard in the county court was sufficient to support the judgment..

Judgment *affirmed.*

*Crossland & Crossland, for appellant.*

*William Lindsay, C. L. Randle, for appellees.*