CASE 46—PETITION EQUITY—FEBRUARY 17.

| 91 255 |
| 110 659 |

# Harrison, &c., v. Lebanon Water-works.

APPEAL FROM MARION CIRCUIT COURT.

1. FINAL ORDER.—A judgment which either terminates the action itself, or operates to divest some right in such manner as to put it out of the power of the court after the expiration of the term to place the parties in their original condition, is final, and an appeal will lie. Therefore, an order having the effect of dismissing an action as to one or more plaintiffs, or an order operating to deprive one or more defendants of the benefit of an answer filed, may be appealed from.

An order entered upon the refusal of one of two plaintiffs to verify their petition, reciting that the petition was to be treated as to him as if it had not been filed, was final, and an appeal lies from that order, and also from an order entered at a subsequent term adjudging "that there is no case in court," and refusing to require defendant to answer.

2. A JOINT PLEADING OF SEVERAL PARTIES UNITED IN INTEREST MUST BE VERIFIED BY ALL when the opposite party files the affidavit provided for by subsection 4 of section 117 of the Civil Code, if the statement or statements alleged to be untrue are material; and upon the refusal of one of the parties to verify the pleading when thus required to do so, it is to be treated as to him as a nullity.

3. THE FAILURE OF ONE OF TWO PLAINTIFFS TO VERIFY THE PETITION when required to do so did not authorize the court to treat the petition as a nullity as to the other plaintiff.

4. PARTIES TO ACTIONS.—One who united in and verified an amended petition, in which it is stated he "is hereby made a plaintiff," and who was, without objection, treated as a party-plaintiff, and who has shown that he has an interest in obtaining the relief demanded, will be treated by this court as if he had, by formal order, been made a party.

W. B. HARRISON FOR APPELLANTS.

1. The order appealed from is, in substance, an order dismissing the petition as to both appellants, and is, therefore, final.

2. A verification by one of those who join in a pleading is sufficient in any case where verification is needed. But in any event, it was error to dismiss as to Harrison, who had verified the whole petition as amended, and was entitled to litigate the questions involved.

SAMUEL AVRITT FOR APPELLEE.

1. There is no final order in the case from which an appeal can be taken.

2. Harrison was never made a party to the action. As Lanham, by reason of his failure to verify his petition, had no standing in court, Harrison, by uniting with him in his amended petition, could not become a party.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

This action was brought against appellees, the trustees of Lebanon and the Lebanon Water-works Company, by appellant Lanham, with whom were united as plaintiffs, Cambron, Ballard and Edmunds, but they subsequently withdrew from the action.

November 28, 1888, there was filed in court an amended petition, in which it was stated: "Lanham and W. B. Harrison now unite in amending the petition; the said Harrison is hereby made a plaintiff, and adopts the statements in the original petition and in the amended petition filed in this case within the last five days."

December 10, appellees made a motion that the plaintiffs verify their petition, and thereupon, as recited in the order, "came W. B. Harrison, one of the plaintiffs, and verified said petition."

December 11, a motion was made, based on an affidavit required in such case, for a rule against appellant Lanham to verify the petition and amended petition; and he having refused to obey the rule issued on that motion, an order of court was made December 12, in substance, that said pleadings be treated in regard to him as if they had not been filed, to which Lanham excepted; and December 13 the action. was, by order of court, continued. But December 14 an entry was made showing that W. B. Harrison, styled plaintiff, produced his bill of excep-

tion, which was signed, enrolled and ordered to be filed.

At the March term, 1889, was entered the following: "The court, being of the opinion that the order made at the last term of this court as to the plaintiff Lanham, finally disposed of and put the case out of court, refused to rule the defendants to answer, and orders and adjudges that there is no case in court. To which ruling of the court the said Harrison excepts, and prays an appeal," &c.

The statement filed with the transcript shows both Lanham and Harrison as appellants; but the first question to be considered is whether an appeal will lie in behalf of either.

By section 368, Civil Code, a judgment is defined "a final determination of a right of a party in an action or proceeding;" and section 513 provides that "a judgment rendered in the circuit court may be reversed, vacated or modified either by it or by the Court of Appeals."

Section 763 is as follows: "Neither a void judgment, nor a judgment against a defendant who shall have been only constructively summoned, and shall not have appeared in the action; nor any judgment which can be set aside or modified by the court which rendered it, upon motion made after the term during which it was rendered, shall be reversed or modified by the Court of Appeals, until a motion to set aside or modify the judgment shall have been made in the inferior court and overruled."

A final order or judgment from which an appeal will lie in this court, either terminates the action

itself, or operates to divest some right in such manner as to put it out of the power of the court making the order, after the expiration of the term, to place the parties in their original condition. (M. & L. R. Co. v. Punnett, 18 B. M., 48; Turner v. Browder, 15 B. M., 826; Applegate v. Applegate, 4 Met., 236; Helm v. Short, 7 Bush, 625.)

By subsection 4, section 117, it is provided that on motion of a party who files his affidavit, stating his belief that an adverse party whose pleading has been verified by a person other than himself, knows that a statement thereof in the affidavit mentioned is untrue, and that the motion is not made for delay, the court, if such statement be material, shall require such adverse party to verify the pleading; and if he fail to do so within a reasonable time, shall treat it, with regard to him, as if it had not been filed.

The order of court made upon failure of Lanham to verify his pleading is, we think, in conformity with and operates, as was intended by that section, to terminate the action as regards him, and moreover, to put it out of the power of the court after the expiration of the term to place him in his original condition. For the only causes for which a court may modify or vacate its judgment after expiration of the term during which it was rendered are prescribed in sections 414, 516 and 517, none of which apply in this case.

It has been distinctly held that an order refusing to permit persons filing petitions for that purpose to be made parties may be appealed from. (Berry v. Hamilton, 1 Bush, 361). And we do not see why an order

having the effect of dismissing an · action as to one or more plaintiffs, or one operating to deprive one or more defendants of the benefit of an answer filed, should not as well be appealed from; for it is, in one case as much as another, a final determination of the action as regards the particular party or parties affected by such order. In our opinion the judgment complained of by appellants is subject to revision by this court, but we see no error in it as to Lanham. Subsection 4, section 117, was evidently intended as qualification of that part of subsection 3 which provides that a joint pleading of several parties who are united in interest may be verified by either of them; and, therefore, the pleading of a party, whether filed by him alone or jointly with others, is to be treated in regard to him as a nullity, if he refuses to verify it when the opposite party files the affidavit mentioned, and the statement or statements alleged to be untrue are material, as seems to be the case here.

But Harrison had become a party-plaintiff before the order was made in reference to Lanham, and did not lose his standing in court, nor could be prejudiced by that order; for though he did not file a petition, nor enter a formal motion to be made a party, he united in and verified the amended petition, in which it is stated he was a party, and without objection he was treated, and named in various orders of court and in the bill of exceptions, as a party-plaintiff.

Notwithstanding the order made December 12, 1888, was final and effectual as to Lanham, it did not, it seems to us, have the effect, as said by the lower

court in the judgment at the March term, of finally disposing of and putting the case out of court; for not only was an order of continuance made. December 13, but the bill of exceptions was produced by Harrison and signed by the judge December 14, 1888. In our opinion, as Harrison has shown he has an interest in the subject of the action, and in obtaining the relief demanded, he had a right to be joined as plaintiff, and having become a party of record without objection of the defendants, he may maintain the action, and consequently the judgment of March, 1889, was erroneous and prejudicial to him.

The judgment is affirmed as to appellant Lanham, but reversed on the appeal of Harrison, and cause remanded for answer by the defendants, and further proceedings consistent with this opinion.