CASE 70.—PETITION BY T. H. AULL TO BE MADE A PARTY TO AN ACTION TO WHICH OBJECTION WAS MADE BY THE BOWLING GREEN OPERA-HOUSE CO.—April 17.

## Aull v. Bowling Green Opera House Co.

Appeal from Warren Circuit Court.

JOHN M. GALLOWAY, Circuit Judge.

Motion to file petition denied from which petitioner appeals.   Reversed.

1. Appeal—Final Order—Where, in an action for settlement of a partnership, there is a judicial sale of property, and a general writ of possession is awarded against the tenants occupying the property, in favor of the assignee of the purchasers, to whom a commissioner's deed has been made, the denial of the petition of a tenant to be made a party, he alleging a lease from the purchasers, and the issuance of the writ

of possession, is a final judgment, within Civil Code Prac., section 368, and so authorizes an appeal.

2. Parties—Right to Intervene—Where, in an action for settlement of a partnership, there is a judicial sale of property, and a general writ of possession is awarded against the tenants of the property, in favor of the assignee of the purchasers, a corporation into which they organized themselves, a tenant, claiming to have received a lease from the purchasers before their assignment, is entitled to be made a party.

SIMS & GRIDER, HAZELRIGG & HAZELRIGG and C. P. CHENAULT for appellant.

SAMUEL D. HINES, J. McKENSIE MOSS, R. C. P. THOMAS and THOS. W. THOMAS for appellee.

(Record not in clerk's office.)

OPINION OF THE COURT BY JUDGE BARKER— Reversing.

In an action styled "J. E. Potter, Executor, etc., v. Mrs| Mamie Browder and Others," pending in the Warren Circuit Court for a settlement of the partnership of Potter Bros. property situated in the city of Bowling Green, known as the "Potter Opera House," was sold at judicial sale, and purchased by H. D. Fitch, T. Lindsey Fitch, Mrs. Henrietta Miller, S. W. Coombs, and James H. Barclay, jointly, for the sum of $29,325. This purchase was confirmed by the court, and afterwards the purchasers, having organized themselves into a corporation under the style of "Bowling Green Opera-House Company," for the purpose of holding and managing the opera-house, assigned the benefit of their bid at the judicial sale to the corporation, and a commissioner's deed for the property was made to it. Afterwards, on motion, the court awarded what is called a "general

writ of possession'' against the tenants occupying
the opera-house in favor of the Bowling Green Opera-
House Company. When this was done, the appellant,
T. H. Aull, tendered his petition to be made a party
to the action, in which he set forth, substantially,
that he was then occupying a room in the opera-house
as a drug store; that he acquired possession thereof
from the original owners, Potter Bros., and had been
occupying the premises continuously for five or six
years prior to the judicial sale; that his lease from
Potter Bros. expired on the 1st day of January,
1906; that after the order of confirmation to the indi-
vidual purchasers, but prior to the assignment to the
corporation, the petitioner had obtained a lease of the
property from the individual purchasers for one year
for the sum of $1,262; that this lease was subsequently
reduced to writing and extended for a period of
three years; that the memorandum was in the pos-
session of the lessors, and could not be produced by
the petitioner; that afterwards the purchasers had
organized themselves into a corporation, and, in
violation of his rights, assigned the whole benefit
of their purchase to it. The court, on objection of the
Bowling Green Opera-House Company, refused to
permit this petition to be filed, but allowed it to be
noted of record, and from the order sustaining the
objection to its being filed, and also the order award-
ing a general writ of possession against the petitioner,
an appeal was granted and a supersedeas executed in
due form before the clerk. Afterwards the clerk,
deeming that the supersedeas was void, issued the
writ of possession, and thereupon the petitioner
prayed an appeal in this court from the order issuing
the writ of possession.

We think the judgment refusing to permit the filing of the petition and the issuance of the writ of possession constituted a final order, within the meaning of section 368 of the Code. Helm v. Short, 7 Bush, 623; Maysville & Lexington R. R. Co. v. Punnett, etc., 15 B. Mon., 48; Turner v. Browder, 18 B. Mon., 826. And the position of appellees, that appellant is a stranger to the record, and cannot be heard in this case to set up his rights under the lease from the purchasers at the judicial sale against the issuance of the writ of possession is untenable. The purchasers were themselves strangers to the record until they bought the property at the judicial sale, and the Bowling Green Opera-House Company was a stranger to the record until the assignment by the purchasers was made to it and it was allowed to come into court, prove up its rights under the assignment, and have a deed made to it in conformity thereto. If the Bowling Green Opera-House Company could be heard on its rights under the assignment, why may not the appellant be heard on his rights under the lease? Both are claiming from the same parties—the purchasers at the judicial sale. One claims the whole by assignment; the other claims a part by the lease. The same reasoning, which admits the corporation to come into the case to protect its rights under the assignment, admits the appellant to come for the purpose of protecting his rights under the lease. If what he states be true, then the corporation took the property under the assignment subject to the provisions of the lease. It is difficult to see how the appellant can be called a stranger to the record in a case where his substantial rights are being adjudicated against him, in the sense that he will not be

permitted to protect those rights from adverse adjudication by bringing them to the notice of the court. Suppose, after making the assignment to the corporation, and receiving the purchase money therefor, the purchasers, had in violation of their assignment, again assigned it to another party, and attempted to have a deed made to the second assignee; is it possible that the corporation would not be heard to set up its claim under the first assignment, and contravene the rights of the second assignee? If this question is answered in the negative, then it must be equally sound that the appellant here must be heard on his claim to the property under the lease.

We are of opinion that the trial court erred in refusing to permit the appellant to file his petition to be made a party. Equity abhors a circuity of actions, and there is no reason for turning the petitioner out of court and requiring him to bring a new action for relief, when an efficient remedy can be afforded him in the case now pending. We know of no rule of judicial procedure which authorizes the turning out of a party in possession by the exercise of the summary writ issued in this case without affording him, if desired, an opportunity to show why he should not be thus summarily dispossessed. We, of course, express no opinion on the merits of the issue tendered by the petition. We have assumed the truth of its allegations only for the purpose of testing appellant's right to file it.

The judgment is reversed for proceedings consistent with this opinion.