## Kentucky Heating Company, et al v. City of Louisville, et al.

(Decided December 18, 1917.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Judgment—Final and Appealable Order—What Is.—A judgment is not final because it decides some question relating to final relief, or because it decides what are the rights of the parties to such relief. A judgment to be final must not merely decide that one of the parties is entitled to relief of final character but must give that relief by its own force, or be enforceable for that purpose without further action by the court, or by process for contempt.

2. Judgment—Final and Appealable Order—What Is Not.—In a suit by a city to recover damages for the alleged unlawful use of its streets by a gas company, an order entered by the court merely deciding that the gas company was unlawfully using the streets, was not a final or appealable order.

MATT O'DOHERTY for appellants.

PENDLETON BECKLEY and GEORGE CARY TABB for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Dismissing appeal.

This suit was brought originally in July, 1910, by Z. T. Underwood, a resident and taxpayer of the city of Louisville, in which he charged, in substance, that on August 11, 1888, the Kentucky Rock Gas Co., of which the Kentucky Heating Co. is the successor in title and interest, was granted by an ordinance of the city of Louisville the privilege of laying its pipes and mains in and along the streets, alleys and public ways of the city for a period of twenty years from and after August 11, 1888; that on August 11, 1908, the privilege granted by this ordinance expired, but that notwithstanding this, the Kentucky Heating Co. had since that time, continuously to the bringing of this suit, occupied the streets, alleys and public ways of the city with its mains and pipes, without right or authority of law, and was conducting its business as though its privileges had not expired.

It was further charged that the use and occupation of the streets, alleys and public ways of the city since August 11, 1908, was reasonably worth twenty-five thousand dollars a year, and that the Kentucky Heating Co.

was indebted to the city in that amount. The prayer of the petition was that the heating company be enjoined from using the public ways of the city with its pipes and mains until it had obtained a franchise to do so, and for a judgment against it for fifty thousand dollars for the use of the streets since August, 1908.

After this the city of Louisville filed an answer and cross-petition against the Kentucky Heating Co., adopting the allegations of Underwood, and since the filing of this pleading the case has really been prosecuted by the city seeking the relief originally sought by Underwood.

For answer to the petition of Underwood as well as of the city, the Kentucky Heating Co. set up several defenses, among them that the charter obtained from the legislature before the present constitution, and under which it was operating, gave it the right to occupy the streets until 1918; and, further, for reasons set out in its answer, that the city was estopped to recover any sum whatever in damages from it for the use and occupation of the streets or the carrying on of its business after August 11, 1908.

For causes not necessary to here notice, the case was continued from time to time until 1914, when there was a judgment reciting, among other things, that "the franchise heretofore granted the defendant, Kentucky Heating Co., by the cross-defendant, city of Louisville, to occupy the streets of said city for the purposes of furnishing gas to its citizens and to the city expired on August 11, 1908, and that from August 11, 1908, to July 2, 1913, said defendant, Kentucky Heating Co., has been occupying and using the streets and public ways of the city of Louisville with its pipes and mains for the distribution and, sale of gas without legal authority.

"It is further adjudged that the cross-defendant, Kentucky Fuel Gas Company, has never acquired the right to use the streets of the city of Louisville for its purposes, or for any purpose, and that the defendant, Kentucky Heating Co., has acquired no rights to use or occupy the streets of the city of Louisville from the cross-defendant, Kentucky Fuel Gas Co., or through or under any charter or franchise of said cross-defendant.

"It is further adjudged that the defendant, Kentucky Heating Co., acquired no rights through or under any charter or franchise of the Kentucky Rock Gas Company, by assignment, purchase or otherwise to use or occupy

the streets of the city of Louisville, with its pipes or mains for the purpose of furnishing gas to the citizens of the city of Louisville, or to the city, and that said Kentucky Rock Gas Co. acquired no right by charter or franchise to occupy said streets after August 11, 1908.

"Nothing is adjudged respecting the claim of the city of Louisville to damages herein, and this cause is retained so far as that claim is concerned.

"To all of which the defendant, Kentucky Heating Co., and the cross-defendant, Kentucky Fuel Gas Co., object and except."

The case now before us comes up solely on this judgment, which it will be observed merely determined that from August 11, 1908, to July 2, 1913, the Kentucky Heating Co. had been occupying and using the streets and public ways of the city of Louisville with its pipes and mains for the sale and distribution of gas, without legal authority, and that the case was retained on the docket for future hearing and disposition as to the claim asserted by the city for damages.

In order to explain the recital in the judgment that the heating company had occupied the streets from August 11, 1908, to July 2, 1913, without authority, perhaps it should be said that until July 2, 1913, the heating company had occupied the streets and public ways of the city and carried on its business in the same manner that it had prior and subsequent to August 11, 1908, but that on July 2, 1913, a corporation styled the Louisville Gas & Electric Co. obtained a franchise from the city of Louisville to use and occupy its streets and public ways with its pipes and mains, and this company purchased all the property, rights and interest of the Kentucky Heating Co.; and so the Kentucky Heating Co., on July 2, 1913, ceased in its own right to occupy any of the streets or public ways of the city with its pipes or mains or to carry on business.

At the very outset we are confronted with the question, very frankly raised by counsel for the Kentucky Heating Co., that the judgment appealed from by it was not a final or appealable order, and therefore its appeal should be dismissed. It should also be here said that counsel for the heating company states that although he was of the opinion that the order appealed from was not a final but an interlocutory order, in the abundance of caution he thought it prudent to prosecute the appeal, so that the right of the heating company to question the

correctness of the judgment here appealed from would not be barred by time in the event that a final judgment determining the rights of the parties should not be entered until after the time allowed by the Code of Practice in which an appeal might be prosecuted from this order.

We agree with counsel for the heating company that the order or judgment from which this appeal is prosecuted is not a final or appealable order or judgment, and having this view of the matter we will confine this opinion to a statement of the reasons that have influenced us in reaching this conclusion.

In section 368 of the Civil Code it is stated that ''A judgment is a final determination of a right of a party in an action or proceeding.''

Section 950 of the Kentucky Statutes, regulating the jurisdiction of this court in civil cases, specifies certain orders and judgments from which an appeal to this court may be prosecuted, and certain orders and judgments from which an appeal is not allowed, and then the statute provides that ''In all other civil cases the Court of Appeals shall have appellate jurisdiction over the final orders and judgments of the circuit courts.''

Under this statute this court has no jurisdiction of an appeal in a case like this unless the order or judgment appealed from was a final order or judgment. Let us see now what is a final order or judgment; and this we may do without difficulty, as the definition of a final order or judgment has been set down by this court in a great many consistent cases, among them being Maysville & Lexington R. R. Co. v. Punnett, 15 B. Mon. 38, where the court said: ''A final order either terminates the action itself, decides some matter litigated by the parties, or operates to divest some right, in such a manner as to put it out of the power of the court making the order, after the expiration of the term, to place the parties in their original condition.''

In Turner v. Browder, et al., 18 B. M. 658, it was said: ''The distinction between interlocutory orders or judgments and those which are final is thus defined by Blackstone:

'' 'Interlocutory judgments are such as are given in the middle of a cause, upon some plea, proceeding, or default, which is only intermediate, and does not finally determine or complete the suit.

" 'Final judgments are such as at once put an end to the action, by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for.'

"The same distinction has been invariably adhered to by this court." To the same effect are: Helm v. Short, 7 Bush 623; Harrison v. Lebanon Waterworks, 91 Ky. 255; Christman v. Chess, Wymond & Co., 102 Ky. 230; Winn v. Carter Dry Goods Co., 102 Ky. 370; Mergenthal v. The South Covington & Cincinnati Street Ry. Co., 104 Ky. 424; Chesapeake & Ohio Ry. Co. v. Helton's Admr., 141 Ky. 404.

A case very much in point is Bondurant v. Apperson, 4 Met. 27. In that case a controversy arose between Bondurant and Apperson as to their liability on certain notes and bills, Bondurant contending that as between himself and Apperson the latter was liable for the full amount of the notes and bills, while Apperson claimed that he was only liable for half of the amount.

In the lower court the trial judge entered a judgment reciting: "I am of opinion, therefore, that upon all those bills where Bondurant was an original party, whether as drawer or endorser, he must share equally the loss with Apperson, and such is the judgment of the court upon the question submitted." From that judgment Bondurant appealed, and the first question considered by the court was whether the judgment was final.

In the course of the opinion the court, after saying, "It is certain, however, that a judgment cannot be final merely because it decides some question of law or fact relating even to final relief, nor merely because it decides what are the rights of the parties to such relief," proceeded further to say: "The following rule seems to be deducible from the authorities, viz., that a judgment, to be final, must not merely decide that one of the parties is entitled to relief of a final character, but must give that relief by its own force, or be enforceable for that purpose without further action by the court or by process for contempt." To the same effect are: Mitchell v. Chenault, 112 Ky. 267; Harding v. Harding, 145 Ky. 315; Trade Discount Co. v. J. R. Cox & Co., 143 Ky. 515; Morgan v. Goode, 151 Ky. 284.

Testing this order by the rule that a judgment to be final must at once put an end to the action by declaring that the plaintiff is or is not entitled to the relief sought, and if relief is granted must give that relief by its own

force or be enforceable without further action by the court or by process for contempt, it seems quite clear to us that it is lacking in the essential elements of an appealable order. The principal relief, and indeed the whole substantial relief sought in the petition was damages for the unlawful use by the heating company of the streets and public ways of the city. Incidental to but a necessary basis for this material relief was the charge that the right of the heating company to occupy the streets and public ways terminated in August, 1908. And the court found that it did. But this finding of fact did not give to the city the relief that it sought, or accomplish the purpose of the action, which was to recover damages. Suppose, for example, that nothing more should be done in this case and that the judgment appealed from should be allowed to stand as it is. Plainly, the city would not be benefited nor would the heating company be injured by it. It did not give anything to the city, nor did it take anything from the heating company. It did not put an end to the action, because the judgment itself shows that the action is retained on the docket for the purpose of determining the damages, if any, to which the city may be entitled. In other words, the situation is the same as if in a suit by "A" to recover damages for the breach of a contract executed by "B," "B" should file an answer setting up that the contract when properly construed did not entitle "A" to any damages, and also denying his right to recover damages, and the court, in construing the contract preliminary to the disposition of the question of damages, should determine that the construction put on the contract by "A" and not the construction contended for by "B" was correct and stop without deciding any other question or giving any relief. Plainly, as we think, such a ruling of the court, although it might be put in the form of an order, would not under the authorities be a final or appealable order. Nor is this.

Wherefore, the appeal is dismissed.