## Commerce Union Bank v. Seese et al.

(Decided February 13, 1931.)

J. A. RICHARDS for appellant.

G. C. EWING for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN— Reversing.

The appellant filed a petition against appellees, alleging that they executed a writing which they signed and delivered to the Ford Auto Sales Company whereby they promised to pay to that company $691.50 thirteen months after date, the sum to be paid in monthly installments; that on or about the day of the execution of the instrument the Ford Auto Sales Company assigned and delivered it to appellant, who was a holder in due course: that the date of payment had passed and payment had not been met except in part.

The instrument sued on is filed as a part of the petition, and shows that it is a contract of sale with certain provisions relating to the use of the automobile which was purchased by appellees, the time of payment, and a number of other permissive and prohibitive provisions. Attached to the sales agreement, and on the same paper, but separated by a perforated line, was a note for $691.-50 negotiable on its face. On the back of the sales agreement was printed an assignment which was signed by the Ford Auto Sales Company, and this assignment purported to vest title to the note and rights under the agreement in the Cumberland Acceptance Company of Gallatin, Tenn. On the back of the note was an indorsement showing that for the value received assignment was made to appellant.

A demurrer was interposed by appellees, and the court sustained the demurrer, and appellant declined to plead further; whereupon the petition was dismissed without prejudice.

As the amount in controversy is less than $500, motion has been made in this court for an appeal. We learn from the briefs that the demurrer was sustained because of the inconsistency between the assignment on the note and the assignment on the sales agreement.

It is argued by counsel for appellant, and correctly contended, that it is well settled that, where a note secured by a lien is assigned, the assignment passes the lien by which it is secured. Counsel cites the cases of McClanahan v. Chambers, 17 Ky. (1 T. B. Mon.) 43, Eubank v. Poston, 21 Ky. (5 T. B. Mon.) 285, and Duncan v. Louisville et al., 76 Ky. (13 Bush) 378, 26 Am. Rep. 201, to support his argument on this point. These are old cases announcing that the assignment of a note secured by a lien also assigns the lien, and there has been no departure from that rule. It does not apply, however, in this case, because the assignment on the back of the sales agreement specifically assigns the note, as does the assignment on the note. The question is whether one assignment takes precedence over the other.

Counsel for appellees advances the argument that the assignment is not valid because there is nothing to indicate who signed the name "Ford Auto Sales Company" to either assignment. We think the argument is without merit, as the note was in the possession of appellant at the time suit was instituted, and appellees are in no position to complain about the assignment. It has been held that a printed signature is sufficient in some instances. Equitable Life Assurance Soc. v. Meuth, 145 Ky. 160, 140 S. W. 157, Ann. Cas. 1913B, 661. There may be a negotiation by delivery only. Ky. Stats., sec. 3720b-65. The holder of a negotiable instrument may sue in his own name, and payment to him in due course discharges the instrument. Section 3720b-51, Ky. Stats.

The trial court was in error in sustaining the demurrur to the petition. The section last cited allows a holder of a negotiable instrument to sue in his own name, and payment to him discharges the instrument. Appellant was the holder. The subject of the suit was a negotiable instrument.

It is argued that, as there were two indorsements of the note, the court was right in holding that appellant could not maintain the action. It is true there was an indorsement to the Cumberland Acceptance Corporation,

but an indorsement without delivery is of no effect. Sections 3720b-16 and 3720b-30, Ky. Stats. There is nothing to indicate that there was a delivery to the Cumberland Acceptance Corporation, but there was a delivery, so it must be presumed, to the appellant, as it was the holder of the note and sales agreement.

Where there is an indorsement on a note which is not necessary to the title of the owner, he may, at any time, strike out such an indorsement, thereby relieving the indorser whose indorsement was struck out, and all indorsers subsequent to him, from liability on the instrument. Section 3720b-48, Ky. Stats.

Under section 3720b-49, Ky. Stats., the holder of an instrument payable to his order may transfer it for value without indorsing it, and the transfer vests in the transferee such title as the transferor had therein.

Undoubtedly appellant was within its rights when it sought to maintain an action against appellees for recovery on the note sued on. The demurrer should have been overruled.

But it is said by counsel for appellees that the court only dismissed the petition without prejudice. The judgment recites that a demurrer was sustained to the petition, and appellant declined to plead further, and the petition was therefore dismissed without prejudice. Section 371, Civil Code of Practice, affords the only authority for dismissing an action without prejudice. The court may dismiss an action without prejudice only when the plaintiff fails to appear at the trial, or for the want of necessary parties. The court did not dismiss the petition without prejudice on either of these grounds. It is not always that an order dismissing an action without prejudice will be treated as an order which is not final. It has been held that, when an action is dismissed without prejudice because the court has no jurisdiction of the action, an appeal will lie to this court from the order. Wood v. Downing, 110 Ky. 656, 62 S. W. 487, 23 Ky. Law Rep. 62. A judgment is final which completely settles the rights of the parties, and sustaining the demurrer to the petition was an adjudication by the court that appellant had no right to maintain the action.

Motion for an appeal sustained, appeal granted, and judgment reversed, and cause remanded for proceeding consistent with this opinion.