## Green River Fuel Co. v. Sutton et al.

(Decided June 21, 1935.)

V. C. McDONALD for appellant.

BELCHER & BELCHER for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Dismissing Appeal.

This case is before us on appeal from a judgment of the Muhlenberg circuit court, remanding the cause to the workmen's compensation board for its reconsideration and award, wherein it was to separate its findings of law and facts.

On March 27, 1929, John Sutton, while in the em-

ploy of and at work for the appellant, the Green River Fuel Company, was accidentally injured in handling a heavily loaded wheelbarrow in one of the entries of its coal mine in Muhlenberg county, Ky. On April 6, 1929, or only a short time after receiving this injury, he died.

Application for adjustment of the claim was then filed by his widow and infant children with the workmen's compensation board and the cause assigned for hearing before one of its members.

The application set out that the death of John Sutton was the result of injuries sustained by him as stated and that "such accident and consequent death were the result of injuries sustained by the said John Sutton by an accident arsing out of and in the course of his employment."

The company defended on the grounds (1) that at the time of his injury Sutton had not accepted the provisions of the Workmen's Compensation Act, and (2) that his death was not caused by injuries resulting from an accident arising out of and in the course of his employment.

On March 17, 1931, the following order, dismissing the claim of the appellees and denying compensation, was entered by a single member of the board:

"This claim is before the Workmen's Compensation Board for trial and award upon the pleadings, proof and record, and the board having considered same and being sufficiently advised, finds, orders and adjudges that the deceased, John Sutton, died from causes not compensable under the Workmen's Compensation Act. For this reason the claim of Frances Sutton etc. is dismissed."

On March 21, 1931, appellees filed application for a full board review of the claim, as provided by section 4934, Kentucky Statutes. A full board review was granted, when, on May 19, 1931, it sustained the board's earlier order of March 17, 1931, dismissing the claim for compensation by the following order:

"This claim having been submitted to the board upon motion of plaintiff for a full board review of the order of March 17, 1931, and the board having considered same and being sufficiently advised, sustains the order of March 17, 1931."

On June 6, 1931, plaintiffs (here appellees) appealed from this order to the Muhlenberg circuit court, at which time summons were issued for the members of the workmen's compensation board, but (appellant contends) no summons was issued for the defendant Green River Fuel Company until September 22, 1931. On July 21, 1931 (after appeal had been taken to the circuit court from the full board's order of May 19, 1931), the board set aside its said order and allowed the case to be resubmitted on plaintiffs' application therefor.

On December 1, 1931, the board entered a full report, separating its findings of law and fact and again sustained its former rulings, denying compensation upon the ground that John Sutton had died from causes not compensable under the Workmen's Compensation Act.

Upon the submission of this cause to the court for trial and judgment upon the record of the workmen's compensation board, the court, as hereinabove set out, remanded the action to the board for its reconsideration and award in which it directed that the board separate its findings of law and fact. From that judgment, the Green River Fuel Company has prosecuted this appeal.

It contends that the trial court erred in remanding the case to the board for further orders for the following reasons: (1) The evidence before the board did not show that both employee and employer had elected to accept the provisions of the Workmen's Compensation Act; (2) it was not shown by competent evidence that Sutton's death had resulted from an injury sustained by an accident arising out of and in the course of his employment; (3) the appeal taken from the compensation board to the circuit court was not properly filed within twenty days from the final order, for the reason that summons was not issued thereon against the appellant within the time required; and (4) the board's order, containing a brief statement of the facts upon which its opinion was based and dismissing the claim, met the requirements of the law with respect to making separate findings of law and fact.

The appellees, on the other hand, contend that the only question before the court on this appeal is that presented as to the court's jurisdiction of the appeal, where (as here) it is taken from the trial court's order which only remands the cause to the board for its making of

an award complying with the requirements of section 4935 of the statute. Appellees insist the court's order, so made, was interlocutory rather than final in its character in that it makes no adjudication of rights, but only remands an award of the board, deemed improper in form, to the board for making a sufficient award, separating its findings of law and fact.

In support of this contention, appellees argue that upon the submission of this case, upon the board's record, for judgment to the trial court, three courses of action were then open to it: (1) That it might confirm the findings of the compensation board and dismiss the appeal; (2) that it might set aside its findings and make an award in favor of the plaintiff, it if considered the record as justifying it; or (3) deeming neither of these steps appropriate, that it could set aside the award of the board, upon its concluding that its order, in the form made, did not measure up to the statutory requirements therefor and remand the case to the board for further consideration and a proper award.

The trial court here adopted the last course, by setting aside the former order of the board as insufficient, because of its failure to make and separate its findings of law and fact upon which it based its complained of award.

The question, therefore, we conclude is whether such ruling of the trial court was such a determination of plaintiff's right to or of defendant's liability for compensation for the injury complained of as constituted a "final order" and, as such, an appealable one.

This question was considered by us in the cases of Black Mountain Corporation v. Humphrey, 211 Ky. 533, 277 S. W. 833, and Broadway & Fourth Avenue Realty Co. v. Metcalfe, 230 Ky. 800, 20 S. W. (2d) 988, 990. In the latter, it was argued that the court was without power to remand the case to the board for supplementing the evidence, etc. Against such contention, it was there held that section 4935, by its express provisions, gave ample authority for the court's remand of a case, and that such practice was supported by ample precedent. South Mountain Coal Co. v. Haddix, 213 Ky. 568, 281 S. W. 493; B. F. Avery & Sons v. Carter, 205 Ky. 548, 549, 266 S. W. 50; Noe v. Noe, 229 Ky. 490, 17 S. W. (2d) 405. In the Metcalfe opinion it was further

held that a remand of the case by the court to the board for an award separating its finding of law and fact may, in proper instance, appropriately be ordered, to the end that the board might not "be permitted to immunize its orders against an effective review of erroneous conclusions of law by disguising them as findings of fact, or by failure to make the essential findings of fact from the evidence. South Mountain Coal Co. v. Haddix, 213 Ky. [568] 569, 281 S. W. 493."

The order of remand, thus authorized, was clearly here held to be one interlocutory, rather than final, in its nature, or as one made for ascertaining what was the board's real award, preliminary or preparatory to the court's final adjudication thereon.

The applicable rule for determining what judgments and orders of the trial court are essentially "final orders" and, as such, appealable is "that a judgment to be final must not merely decide that one of the parties is entitled to relief of a final character, but must give that relief of its own force or be enforceable for that purpose without further action by the court." Helm v. Short, 7 Bush, 623; Christman v. Chess, Wymond & Co., 102 Ky. 230, 43 S. W. 426, 19 Ky. Law Rep. 1243. A final order or judgment from which an appeal lies either terminates the action itself or operates to divest some right in such manner as to put it out of the power of the court making the order after the expiration of the term to place the parties in their original condition. Harrison v. Lebanon Water-Works, 91 Ky. 255, 15 S. W. 522, 12 Ky. Law Rep. 822, 34 Am. St. Rep. 180. Again, by section 368, Civil Code of Practice, a judgment is defined as "a final determination of a right of a party in an action or proceeding." In Freeman on Judgments (5th Ed.) sec. 26, page 43, the learned author says:

> "Sometimes several issues of law and of facts are presented for the consideration of the court in the same suit or proceeding. In such case there can be no judgment from which an appeal can be taken while it remains necessary for the court to determine some issue of law or fact."

And further, in section 33, page 56, of the same work, in discussing the question of the nature of such authority it is said:

"But in all cases where further proceedings are to be taken, or further orders of the court are necessary, the judgment cannot be treated as final, even for the purposes of appeal, unless it determines the issues involved in the action."

In 2 R. C. L. sec. 21, discussing this rule requiring finality of decision in the order or judgment as essential for taking appeal therefrom, the reason for the rule is thus stated, "The object of this requirement is to present the whole cause for determination in a single appeal and thus prevent the unnecessary expense and delay of repeated appeals," and to such end section 22 further states, as defining a final judgment or decree so required for an appeal to be taken therefrom, that it is one "which disposes of the cause, * * * reserving no further questions or directions for future determination," and, further, that "judgments and orders from which an appeal will lie are those which either terminate the action or operate to divest some right in such a manner as to put it out of the power of the court making the order to place the parties in their original condition after the expiration of the term." This text is supported by many of our decisions, among which may be cited those of Harrison v. Lebanon Water-Works, 91 Ky. 255, 15 S. W. 522, 12 Ky. Law Rep. 822, 34 Am. St. Rep. 180; Denham v. Town of Wallins, 234 Ky. 626, 28 S. W. (2d) 965; Commerce Union Bank v. Seese, 237 Ky. 384, 35 S. W. (2d) 544; Fourseam Block Collieries Co. v. John P. Gorman Coal Co., 249 Ky. 710, 61 S. W. (2d) 28.

Applying these conclusions and principles, announced in the quoted texts and cases, supra, declaring that finality is an essential feature of an order or judgment to render it appealable, it is to be noted that the order of the trial court here before us, and from which the appellant has here attempted to appeal, in nowise satisfies this requirement in that it does not decide or terminate this action, nor does it operate to divest the appellees of their right to compensation or awards for which the appellant is charged with being liable. It represents no final determination of the question of their rights upon the issue of appellant's liability for or appellees' right to the compensation sought. The order merely adjudges that the case be remanded for a proper award, as that previously made by the compensation

board was insufficient, by reason of it being deemed one not made in compliance with the requirements of the statute directing the character of award which the board in such case should make.

The court might have herein made a final order or determination of the rights of the parties, upon submission of this cause upon the record of the board's proceedings, by adjudging that the board's finding and award be affirmed or by setting it aside and directing an award in favor of plantiffs and against the appellant, but neither of these things, by the order made, has it done. It has merely directed the remand of the case to the board, with the direction that it make an award in compliance with the requirements of the statute, by separating its finding of law and fact.

We do not conceive that the court's order, merely remanding the case for a further award, possesses any of the essential features of a final order, in that it clearly makes no final determination of any of the rights of the parties.

Therefore, such being our opinion as to the character of the trial court's order here appealed from—that same is in no sense a final order as defined and measured by the rules hereinabove quoted—we conclude that the appeal here prosecuted is premature and that the same, for such reason, should be and it is adjudged dismissed.