## Chappell v. Neurath et al.

Feb. 21, 1939.

JAMES GARNETT, Judge.

J. W. CLEMENTS for appellant.

AL M. MARRET and LAWRENCE F. SPECKMAN for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Sustaining motion to dismiss appeal.

This action was instituted by Neurath & Son, undertakers, against the administrator and heirs at law of Korah Leaman, also known as Cora S. Leaman, to recover a bill for a casket and for other articles and services rendered in the burial of decedent, it being alleged in the petition that there was not personal estate sufficient to pay the bill and that it would be necessary to sell certain land of decedent for that purpose.

J. E. Chappell, administrator de bonis non, of the estate of Kate Smithers, deceased, filed an intervening petition setting up a claim evidenced by a judgment against the estate of Korah Leaman for money which had gone into her hands as administratrix of Kate Smithers and for which she had not accounted in which it was alleged that the personal representative of Kate Smithers had an execution and an equitable lien on the land described in the petition. The cause was referred to the commissioner of the court to hear proof and make report concerning the claims against the estate. The administrator of Korah Leaman filed a motion supported by affidavit for allowance for extraordinary services and his attorney filed motion supported by affidavit asking allowance for legal services rendered in the settlement of the estate and litigation incident thereto. The commissioner allowed the claim of plaintiff in full and also the claim of the intervening petitioner. He allowed the administrator of Korah Leaman the sum of $50 for extraordinary services and his attorney $250 for personal services rendered the administrator. He found that the claim of plaintiff and the allowance to the administrator and his attorney were preferred claims against the estate of Korah Leaman but that the claim

of the intervening petitioner was not a preferred but was a general claim against the estate.

On considering exceptions to the report of the commissioner the chancellor allowed credit against the claim of the intervening petitioner and no question is made concerning the correctness of this credit. He cut the allowance of the attorney for the administrator from $250 to $125, but in all other respects confirmed the report of the commissioner and entered judgment accordingly. The administrator de bonis non is appealing and a motion to dismiss the appeal has been passed to the merits.

Under Section 3868, Kentucky Statutes, "the amount of the estate of a dead person, or of a ward, or of a person of unsound mind, committed by a court of record to, and remaining in the hands of, a decedent" is of equal rank with burial expenses and cost and charges of administration of the estate of decedent and all of which are preferred claims to be paid in full before any distribution to other creditors. The chancellor concluded that the claim of the administrator de bonis non was not of equal rank with burial expenses and costs of administration because it was not shown that any of the estate of Kate Smithers remained in the hands of Korah Leaman at the time of her death or went into the hands of her administrator. It is manifest that such interpretation of the statute is erroneous; and that the statute embraces any estate of dead persons, etc., which may have gone into the hands of a decedent and for which the latter has not accounted. However, the court only adjudged priority of liens and directed a sale of the land without any judgment or order as to how the proceeds of the sale should be applied or distributed.

The judgment for the sale of real estate to satisfy liens of various creditors is not a final and appealable order to the extent that it adjudges that one of the creditors has no lien or that other creditors have prior liens where there is no order for distribution of the proceeds of the property. Harris v. Tuttle, 62 S. W. 729, 730, 23 Ky. Law Rep. 220. In that case it is said:

"We held in the case of Worthington v. Brooks-Waterfield Company, 49 S. W. 450 [20 Ky. Law Rep. 1432] that an order adjudging the priority of liens, but not disposing of the funds in any

way, left the fund in court, and was not subject to the order of the trial court until such final disposition, and until then was not a final order. In Bondurant v. Apperson, 4 Metc. 30, immediately followed by Hanson v. Bowyer, 4 Metc. 108, this court fully considered and carefully stated what constituted a final order, holding that a mere adjudication of priorities of liens or claims, without adjudging that fund to the respective claimants, was not a final order from which an appeal would lie. This rule has frequently been since applied by this court. It is therefore manifest that the judgment appealed from in this case is not a final order, and the appeal is consequently dismissed.''

See, also, Kentucky Heating Company v. City of Louisville, 178 Ky. 424, 198 S. W. 1150.

Not only so, but the allowance to the attorney for the administrator and the allowance to the administrator himself for extraordinary services are not sufficient to give this court jurisdiction.

It is therefore apparent that the motion to dismiss the appeal should be and is sustained.