Maysville and Lexington Railroad Company *vs.* Punnett, &c.

Pет. Eq.

15m  47
91  258

Case 8.

15m  47
a102 232

15bm 47
122   624
122   6o8

· APPEAL FROM FAYETTE CIRCUIT.

1. The Court of Appeals has appellate jurisdiction only over final orders and judgments of other courts. (*Code of Practice,* 15*th section.*) A final order is such an order as ceases to be in the power of the court after the term expires at which it is made, and is an order which terminates the action itself, or decides some matter litigated by the parties, or operates to divest some right, in such manner as to put it out of the power of the court to make any other order of the court after the end of the term, to place the parties in their original condition.

2. No appeal lies to the Court of Appeals from an order of the Circuit Court appointing a receiver to take charge of property conveyed in trust during the pendency of a suit to enforce the trust, and rent out the property, and take charge of it, &c.

Case stated.

A petition in equity was filed in the Fayette Circuit Court by Punnett, &c., to enforce the sale of certain property specified in a deed of trust executed by the Maysville and Lexington Railroad Company, and praying that the proceeds might be applied to discharging the debts secured by the deed of trust. The Circuit Court made an order appointing a receiver, and directed him to take into his possession and safely keep the property conveyed by the deed, and rent it out for a limited time. The Railroad Company have prayed an appeal to this court from that order of the Circuit Court.

*M. C. Johnson* and *F. K. Hunt,* for the appellees, moved the court to dismiss the appeal upon the ground that the order of the Circuit Court was not such final order and decree as authorized an appeal.

*G. Robertson,* for appellant, opposed the motion.

Judge SIMPSON delivered the opinion of the court.

December 11.

An action was brought in the Fayette Circuit Court, to procure a sale of the property, in a deed of trust, executed by the appellants to the appellees;

MAYS. & LEX.
RAILROAD Co.
vs.
PUNNETT, &c.

and an application of the proceeds to the purposes of the trust.

The court having made an order appointing a receiver to take into his possession and safe-keeping the mortgaged property, and to rent out a portion of it, for a limited term, an appeal to this court was taken from that order. A motion to dismiss the appeal has been made, and the only question which we have now to decide, is, whether or not an appeal lies from such an order.

1. The Court of Appeals has appellate jurisdiction only over final orders and judgments of other courts. (*Code of Practice,* 15th sec.) A final order is such an order as ceases to be in the power of the court after the term expires at which it is made, and is an order which terminates the action itself, or decides some matter litigated by the parties, or operates to divest some right, in such manner as to put it out of the power of the court to make any other order of the court after the end of the term, to place the parties in their original condition.

2. No appeal lies to the Court of Appeals from an order of the Circuit Court appointing a receiver to take charge of property conveyed in trust during the pendency of

This court has appellate jurisdiction only over the final orders and judgments of the other courts in this commonwealth. (*Code of Practice, section* 15.) When a final order has been made by a Circuit Court, its power over such an order ceases at the expiration of the term in which it was entered. The court, however, that made this order, has power to modify or abrogate it at any time during the pendency of the action. A final order either terminates the action itself, decides some matter litigated by the parties, or operates to divest some right, in such a manner as to put it out of the power of the court making the order after the expiration of the term, to place the parties in their original condition. The order in this case does not have this effect. It decides none of the matters litigated by the parties; and although it deprives the appellants of the possession of the mortgaged property, the order is temporary in its nature, and still remains completely under the control of the court that made it.

This order therefore has none of the characteristics of one that is final. It is merely provisional in its operation, and was made in pursuance of the 329 section of the Code. It is similar in its effects to some of the other provisional remedies provided by the Code; and if it be subject to an appeal, we are not able to perceive any reason why an appeal would not lie in all cases where attachments against property are ordered to issue by a Circuit Court.

Consequently, we are of the opinion that the appeal was improvidently taken in the present case—that this court has no appellate jurisdiction over such an order; and the motion to dismiss it is sustained. Wherefore, the appeal is dismissed.

a suit to inforce the trust, and rent out the property, and take charge of it, &c.