TURNER
vs.
BROWDER, &c.

the possession of real estate, and the petition does not refer to any title papers, it is erroneous to require the filing of title papers without good cause shown by affidavit. The pl'tiff may rely upon a possessory title only.

---

Turner *vs.* Browder, &c.

APPEAL FROM CHRISTIAN CIRCUIT.

No appeal lies from a judgment of a circuit court, remanding a case which has been brought from the circuit court of one county to

Case 51.

ORD. PET

18m 826
89   202
18m 826
91   258
18m 825
a102 233
f102 373
18bm825
104   426
18bm825
122   624

TURNER
vs.
BROWDER, &c.

the circuit court of another county by change of venue, such judgment not being final. (*Civil Code, sec.* 15.)

[The facts of the case are stated in the opinion of the court. REP.]

*Hise*, for appellant.

*Mayes & McKee, and Bristow & Petree*, for appellees—

The counsel for appellees suggest that the judgment or order of the Christian circuit court, remanding this suit to the Logan circuit court, is not such a final judgment as will, under the statute, authorize an appeal, and for this cause the appeal should be dismissed.

The Christian circuit court acted correct, and in accordance with the statutes. There were several counties in the judicial district of Judge Graham, not objected to by the plaintiffs. Also, Muhlenburg is an adjoining county, in another district; and to this county, Muhlenburg, there was no legal objection. The statute only authorizes the change to be made to some other county in the district, or an adjoining county out of the district. Christian county is neither in the district, nor is it an adjoining county, in another district. An affirmance is asked.

Feb. 5, 1858.

Judge DUVALL delivered the opinion of the court.

This action was brought in the Logan circuit court, and upon the petition of the appellants, was removed, by change of venue, to the Christian circuit court. Afterwards, at the instance of the appellees, the last mentioned court remanded the cause back to Logan, upon the ground that Christian county does not adjoin Logan, and is in a different judicial district, and that therefore the Christian circuit court had no jurisdiction under the 11*th sec. of the Revised Statutes, page* 168. To reverse that order, the appellants have prosecuted this appeal.

Numerous questions have been discussed in argument, but the only one we shall consider is, whether the order complained of is a final *order or judgment,*

within the meaning of the 15*th section of the Civil Code*, by the provisions of which the jurisdiction of this court is regulated and limited.

The distinction between interlocutory orders or judgments, and those which are final, is thus defined by Blackstone:

" Interlocutory judgments are such as are given in ' the middle of a cause, upon some plea, proceeding ' or default, which is only intermediate, and does not ' finally determine or complete the suit."

" Final judgments are such as at once put an end ' to the action, by declaring that the plaintiff has ' either entitled himself, or has *not*, to recover the ' remedy he sues for." (3 *Comm.* 497.)

The same distinction has been invariably adhered to by this court. In the recent case of the *Maysville and Lexington Railroad vs. Punnett*, (15 *B. Mon.* 48,) it is said that a final order "either terminates the ac- ' tion itself, decides some matter litigated by the par- ' ties, or operates to divest some right in such a man- ' ner as to put it out of the power of the court ma- ' king the order, after the expiration of the term, to ' place the parties in their original position."

Tested by these and other authorities to the same effect, which might be cited, the order under consideration cannot be regarded as a final order, from which an appeal will lie to this court. It does not put an end to the action, nor determine any question or right involved in it. Nor is the effect of the order to put either the parties or the action out of court, as contended by the counsel for the appellant. On the contrary, the cause is still pending and wholly undetermined, in a court having unquestionable jurisdiction over the parties and over the subject matter. And thus a state of case might be presented, in which a final judgment upon the merits may have been rendered in the circuit court, and an appeal taken from that judgment, before the appeal from the former order could have been disposed of here. The anomalous consequences of such a state

of case are seen at once, and they sufficiently illustrate the policy of the rule which prohibits an appeal from any but final orders.

Upon the principle assumed by the appellant's counsel, an appeal might have been prosecuted by the defendants from the original order which directed the change of venue, for he insists that any order which puts the parties and the suit out of the court making it, is a final order.

But, without pursuing the discussion further, we are satisfied that the order in question must be regarded as interlocutory merely. In the language of Blackstone, before quoted, "it is given in the middle ' of the cause, upon a proceeding which is *intermedi-* ' *ate,* and does not determine or complete the suit." It only directs that the trial of the action shall proceed in a different court, and cannot be considered, in any of its characteristics or consequences, as at all more final or conclusive, than a simple order for a postponement of the trial from one term of the same court to another.

The appeal is therefore dismissed for want of jurisdiction.

*No appeal lies from a judgm't of a circ't court, remanding a case which has been brought from the circuit court of one county to the circuit court of another county by change of venue, such judgment not being final.— (Civil Code, sec. 15.)*