## Chesapeake & Ohio Ry. Co. v. Helton's Admr.

(Decided January 4, 1911.)

### Appeal from Boyle Circuit Court.

1. Trial—What Constitutes a Final Order.—A final order in a case is one which either terminates the action itself, decides some matter litigated by the parties, or operates to divest some right in such manner as to put it out of the power of the court making the order, after the expiration of the term, to place the parties in their original condition.

2. Petition for Removal to Federal Court—Overruled—Renewal at Subsequent Term.—An order overruling a petition for the removal of a case from the State to the Federal Court at one term, is not a final order, and will not prevent the court during the progress of the trial at a subsequent term, upon a motion and proper showing to transfer the case to the Federal Court.

WORTHINGTON, COCHRAN & BROWNING, for appellants.

DINKLE & PRITCHARD, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Dismissing.

In March, 1906, Samuel Miller, a resident of Kentucky, as administrator of the estate of Delila Helton, instituted a suit in the Boyd Corcuit Court against the Chesapeake & Ohio Railway Company, a foreign corporation, and four individuals, residents of this State, in which he sought to recover of them damages for the negligent killing of the said Delila Helton. On the 2nd of April following, the Railway Company filed its petition, accompanied by a good and sufficient bond, and sought to have the case removed to the United States Circuit Court for the Eastern District of Kentucky. To this petition for removal an answer was filed, and, upon consideration, the application for removal was denied. Thereafter the

Railway Company filed its separate answer, denying liability. On the issues thus joined no steps were taken until the 7th of January, 1010, when the plaintiff, with leave of court, filed an amended petition. Thereupon the Railway Company again filed its petition for removal to the Federal Court. This motion was again denied; and from the ruling of the court in refusing to transfer the case to the Federal Court this appeal is prosecuted.

In the original petition the allegation of negligence was of a general nature, and it is not now contended by counsel for the Railway Company that the lower court erred in refusing to grant the motion for removal filed in April, 1906. But it is insisted, that by the amended petition, in which the plaintiff set out at length the particular acts of negligence relied upon to justify a recovery, no cause of action is stated against the resident defendants, and that, under the rule announced in Davis' Admr. v. C. & O. Ry. Co., 116 Ky. 144, and Slaughter v. Nashville, C. & St. L. Ry. Co., 91 S. W., 713, the fact that they are united with the foreign corporation as defendants cannot operate to prevent the removal of the case to the Federal Court. Counsel for appellee concede that if no cause of action is stated against these resident defendants the case becomes removable upon proper application because of diversity of citizenship. The point at issue, therefore, is, does the amended petition set up a good cause of action against the resident defendants? If so, the judgment of the lower court should be affirmed; if not, the judgment should be reversed; unless, as contended by appellee, the order of the trial judge refusing to transfer the case to the Federal Court is not a final order from which an appeal may be prosecuted.

Appeals are granted from judgments of Circuit Courts as a matter of right to the parties entitled thereto upon application made during the term at which the order is made or judgment entered, or thereafter by the Clerk of the Court of Appeals on application of either party or his privy upon filing in the office of said Clerk a copy of the judgment from which he appeals. Sec. 734 Kentucky Code. By Sec. 368 a judgment is defined to be a final determination of a right of a party in an action or proceeding. Blackstone in 111 Com., 497, defines a final judgment to be "such as at once put an end to the action by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for." This court,

in the case of Maysville & Lexington R. R. Co. v. Pun-
nett, etc., 54 Ky. 47, defined a final order to be one which
"either terminates the action itself, decides some mat-
ter litigated by the parties, or operates to divest some
right in such manner as to put it out of the power of the
court making the order, after the expiration of the term,
to place the parties in their original condition." The
definition of a final judgment as given by Blackstone was
adopted by this court in the case of Turner v. Browder,
etc., 57 Ky. 825, in which case the definition of a final
order as found in the Punnett case, supra, was approved.
And both of these definitions were quoted by this court in
the case of Helm, etc., v. Short, etc., 70 Ky. 623. And
again, in the latter case of Harrison, etc., v. Lebanon
Water-works, 91 Ky. 255, the definition of a final order
as found in the case of Maysville & Lexington R. R. Co.
v. Punnett was approved.

It is insisted for appellee, that measured by this
standard the order of the trial court in refusing to trans-
fer the case is not such an order as will support an appeal.
This position is well taken, for although the petition for
removal has been overruled if at any time during the
progress of the trial it should develop from the evidence
that the plaintiff had no reasonable grounds upon which
to base the allegation that the resident defendants were
guilty of some act of negligence that contributed to bring
about the injury, then, under a long line of decisions, it
would be his duty to peremptorily instruct the jury to
find in favor of such resident defendants and enter an
order transferring the case to the Federal Court.

The case of Willis by, etc., v. Maysville & B. S. R. R.
Co., 122 Ky. 658, relied upon by appellant as decisive of
this question in its favor, is not in point. In that case this
court held that the various orders and judgments refer-
red to, when considered together, showed conclusively
that the case was finally disposed of; and, of course, if
the case were finally disposed of an appeal would lie. In
that case the trial court had lost complete control over
the matter in litigation and was powerless to make any
further order relative to any point in dispute therein.

But not so in the case at bar. The whole question re-
mained under the court's control, and he might at any
time during the progress of the trial at a subsequent
term, in the interests of justice and upon proper showing,
transfer the case. From this it necessarily follows that
the order refusing to transfer it was not a final order.

There being no right of appeal, it becomes unnecessary to consider the other questions raised.

Appeal dismissed.