## O'Daniel v. Arnold, et al.

(Decided October 12, 1917.)

### Appeal from Marion Circuit Court.

1. Highways—Alteration of Public Road—Order.—After the report of viewers recommending the alteration of a public road as proposed by the petition of the applicants therefor, and fixing the damages resulting to the owners of the lands to be affected by such alteration, the county court, in the absence of objection from the landowners and upon their written acceptance of the damages fixed by the report of the viewers, may enter an order confirming the report, awarding to the landowners the damages thus assessed, and establishing the road as altered; in which event the order becomes the final judgment of the court.

2. Highways—Alteration of Public Road—Order—Appeal and Error.—Notwithstanding the entering of the order mentioned above, it does not become final, if any of the owners of the lands affected by the alteration of the road refuse to accept, in writing, the damages allowed him or them by the report of the viewers; for it will then be the duty of the county court to appoint three commissioners who shall reassess the damages sustained by the landowners; and if any landowner, by exceptions filed to the report of the commissioners, object to the amount of damages thereby allowed him, his damages shall be fixed by a jury summoned and impaneled by the county court for that purpose; and in such case the county court, after the report of the commissioners, or the return of the verdict of the jury, has the option to pay the damages allowed by the commissioners or jury, or abandon the proposed undertaking. In either event, the order entered by the court showing its exercise of such option, and not the order made previous to the appointing of the commissioners, becomes the final judgment of the court, and the only judgment from which an appeal will lie to the circuit court.

3. Appeal and Error—Appealable Judgment or Order.—An order is not final, when the court has power to modify or abrogate it at any time during the pendency of the action or proceeding.

H. W. RIVES for appellant.

W. H. SPRAGENS and SAM T. SPALDING for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—Affirming.

This is an appeal from a judgment of the Marion circuit court dismissing an appeal from the Marion county court respecting the proposed alteration of a public road of the county.

The appellees, by petition filed in the Marion county court, sought to have changed, according to a properly indicated line and course calling for certain well-defined natural objects, a public road in that county known as the Lander's Creek Road. The road, as altered, will be a mile and a quarter in length, have a width of thirty feet and pass over the lands of the appellees, W. T. Arnold, J. H. Steele, J. D. Spires and the appellant, Mary D. O'Daniel. We do not understand that any objection is made by appellant to the form or sufficiency of the petition for the alteration in the road, or that she complains of any irregularity in the proceedings down to the appointment of viewers. She does, however, complain of the steps thereafter taken in the case; and from the judgment entered by the county court, following the filing of the report of the viewers, took an appeal to the Marion circuit court, which appeal, upon appellees' motion, was dismissed by the circuit court. From the judgment of the latter court the present appeal to this court is prosecuted by her.

The report of the viewers, as finally amended, favored the change in the road prayed in the petition of the applicants, and assessed the damages to which each owner, over whose land it would run, was entitled. No exceptions were filed by any of the parties to the viewers' report, but it appears from the record that the appellees, Arnold, Steele and Spiers, consented to the alteration of the road as finally reported by the viewers and each accepted the damages the report awarded him. The adoption or confirmation of the viewers' report was resisted by appellant in the county court. After a full hearing, however, and a personal inspection by the judge

of the court, of the proposed change in the road, an order was entered by the court confirming the report and adopting the proposed change as therein favored. The judgment thus entered by the county court is the one from which appellant took the appeal to the circuit court. When or soon after the above judgment was entered, appellant notified the county court of her refusal to accept the damages to her land from the alteration of the road awarded her by the viewers; thereupon the county court appointed three commissioners, possessing the statutory qualifications, to assess and award appellant the damages sustained to her land by such alteration of the road.

The order of the county court appointing the commissioners sets forth the refusal of appellant to accept the damages awarded her by the viewers and the consequent necessity of appointing the commissioners to reassess such damages. Section 4301, Kentucky Statutes, provides for the alteration of public roads and the steps to be taken in procuring the alteration; such as the filing of the petition, the appointing of viewers; a report in writing from the latter upon the advantages and disadvantages which would result, as well to individuals as to the public, on account of the proposed change of the public road; names of the landowners whose property would have to be taken or injured by the alteration; what compensation should be paid them and the probable amount to which each would be entitled. The section also provides that the county court, if deemed necessary for the public good, shall personally examine the proposed alteration and work, and requires a hearing in that court upon the matters involved in the alteration, after due notice to the proprietors and tenants of the property to be taken or injured in making the proposed alteration. The section closes with this provision:

"If the court at any time has sufficient evidence before it to enable it to ascertain what would be a just compensation to the proprietors and tenants, and if such proprietors and tenants are willing to accept what the court deems just, the said court upon such acceptance being reduced to writing and signed by the proprietors and tenants may determine to undertake the work, subject to the consent and approval of the fiscal court."

Section 4302 provides:

"Upon hearing the parties interested in an application for a public road, bridge or landing, said county court shall decide for or against undertaking the proposed work on behalf of the county. If the court decides in favor of establishing, altering or discontinuance of the same and the compensation to be paid to any proprietor or tenant cannot be fixed by agreement, the court shall appoint three impartial housekeepers of the county as commissioners to assess the damages the owner or tenant may be entitled to receive, who shall be sworn to faithfully and impartially discharge their duties according to law: Provided, That either the county or any tenant or proprietor may file exceptions to the report of said commissioners. When exceptions shall be filed by either party, the court shall, unless the parties agree that the court may decide the issues raised by such exceptions, forthwith cause a jury to be empaneled to try such issues and to assess compensation and damages to which tenants and proprietors may be entitled, and, Provided, . . . . but when such compensation shall be so ascertained it shall be at the option of the county court to pay the same or abandon the proposed undertaking. . . ."

It will be observed that the appointment of the commissioners to reassess the damages to the property of appellant caused by the alteration of the road, was authorized, indeed required, by section 4302, because of her refusal in writing to accept the damages assessed by the viewers as shown by their report and awarded her by the order of the county court upon confirming the commissioners' report. It will further be observed that section 4302 leaves it optional with the county court either to pay the damages assessed by the commissioners or abandon the proposed undertaking. This being true, the order or judgment of the county court which approved the report of the viewers and directed the alteration of the road as proposed, was a tentative or interlocutory order and not a final judgment of that court upon the matters involved; for, as already remarked, the refusal of appellant to accept the damages awarded her by the report of the viewers and the order of the county court referred to, rendered necessary the appointment of the commissioners to reassess the damages to which she was entitled; and after the filing of their report the county court, under the power conferred by section 4302, Kentucky Statutes, had the option, either to pay the damages that might be awarded appellant by the commissioners, or to

abandon the proposed alteration of the road. In point of fact, the report of the commissioners did award appellant larger damages than the report of the viewers allowed her, and the county court, upon the filing of the report of the commissioners, did enter an order approving this action of the commissioners, and establishing the road according to the proposed alteration; which order became, and in fact, is the final judgment of the county court in the case. But this is not the judgment from which the appeal was taken by appellant to the circuit court. The appeal was from the previous interlocutory order of the county court made on the hearing had, following the filing of the report of the viewers, and before the appointment of the commissioners to reassess the damages claimed by appellant. It appears from the record that the appeal to the circuit court was taken by appellant after the entering of the order of the county court appointing the commissioners and with knowledge on her part of such appointment also that the appeal or supersedeas bond was executed by her two days after the appointment of the commissioners. But the fact that she was mistaken in assuming that the order appealed from was a final judgment, could give no legal effect to the appeal to the circuit court. It further appears that the supersedeas was not executed; but, even if it had been executed, it could not have served to stay the subsequent proceedings had in the county court, upon and following the filing of the report of the commissioners, which resulted in the final establishment of the alteration of the road, by the judgment then entered, which was, and is, the final judgment in the case. The law rather than the language of a judgment determines whether it is final or otherwise; and it is clear from the provisions of the sections of the statute, *supra,* that the order from which appellant prosecuted the appeal to the circuit court was not a final judgment. As said in Bondurant v. Apperson, 61 Ky. 30:

"It is certain, however, that a judgment cannot be final merely because it decides some question of law or fact relating even to final relief, nor merely because it decides what are the rights of the parties to such relief. Jameson v. Mosely, 4 Mon. 414; Craig v. McBride's Heirs, 9 B. Mon. 9; Portwood v. Outon, 1 B. Mon. 149; Mitchell v. Cloyd, MS. op. February, 1854. Those cases furnish various illustrations, proving that a judgment may decide every question of law and fact, and what are the rights of the parties to everything involved in

a suit, without being final to any extent. In each of them the judgment was held to be not final, because it could not be enforced, to the extent of giving the final relief contemplated by it, without further action by the court.''

Manifestly, an order is not final when the court has power to modify or abrogate it at any time during the pendency of the action. Such was the character of the order from which appellant appealed to the circuit court, and the statute expressly conferred upon the county court the power even at a later term or terms of the court to abrogate it. Maysville & Lexington R. R. Co. v. Punnett, 54 Ky. 48; Eubank v. Eubank, 7 R. 294.

It follows from what has been said that the action of the circuit court in dismissing the appeal taken by appellant from the order of the county court in question, was not error. Therefore, the judgment is affirmed.