## Shaw v. Morrison.

(Decided February 14, 1922.)

### Appeal from Larue Circuit Court.

1. Appeal and Error—Final Order.—No appeal will lie from an order or judgment of a circuit court which is not final and conclusive of the litigation.
2. Judgment—Final Order.—A judgment which recites, "This cause be now transferred to the ordinary docket for a jury trial as to the damages sustained by the plaintiff," is not a final order, although it denies the prayer of the petition for an injunction.
3. Appeal and Error—Direction to Plead Further—Final Order.—Where the trial court denies the relief which is prayed in the petition but directs the plaintiff to plead further and the action is not dismissed, no appeal lies. The plaintiff should decline to further plead and allow the trial court an opportunity to dismiss the petition, thus making a final order from which an appeal will lie.

WILLIAMS & HANDLEY, S. Y. JONES and WM. GRAHAM for appellant.

MATHER & CREAL for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Dismissing appeal.

This court cannot entertain this appeal for the reason that the judgment of the Larue circuit court, from which the appeal is attempted to be prosecuted, is not a final order. An appeal cannot be taken from an interlocutory order or one that is not final and decisive of the issues in the case, and which does not terminate the litigation with respect to the issue involved. We have held that a judgment to be final must not only decide that a party is en-

titled to relief of a final character, but must give that relief by its own force without further action by the court. Eubank v. Eubank, 7 Ky. L. R. 294; Helm v. Short, 7 Bush 625; C. & O. Ry. Co. v. Helton, 141 Ky. 404.

The plaintiff below prayed a mandatory injunction to compel the plaintiff to remove a certain drain tile and to restore an embankment. This relief was denied by the court in a judgment which reads in part as follows:

"It is now ordered by the court that the prayer for the injunction be, and the same is now refused and denied, and that this cause be now transferred to the ordinary docket for a jury trial as to the damages sustained by the plaintiff. Said plaintiff is permitted to reform his pleadings so as to set up the damages he claims, if any, to the judgment of the court in denying an injunction and referring this action to a jury for the trial of damages, plaintiff excepts and prays an appeal to the Court of Appeals, which is granted."

The petition was not dismissed so far as appears from the record but the cause continues upon the docket of the Larue circuit court. The case was not finally determined, therefore no appeal will lie from the order. At the time the chancellor overruled the motion of the plaintiff Shaw for a mandatory injunction and gave the plaintiff permission to plead further, the plaintiff should have declined to further plead, if he wished to prosecute an appeal from the order of the court, and thereupon the chancellor would have dismissed his petition, thereby making a final order from which an appeal would lie. The situation here is analogous to the case where a court sustains a general demurrer to a petition with leave to amend. Although the trial court may sustain a general demurrer to a petition which states facts sufficient to constitute a cause of action and makes an order sustaining the demurrer only without dismissing the petition, no appeal will lie because the order is not final. Harrison v. Stroud, 150 Ky. 797; Rhodes v. Yates, 151 Ky. 162; Bank v. First State Bank, 159 Ky. 484; Gay v. Haggard, 133 Ky. 425.

After the plaintiff, Shaw, obtains an appealable order in the lower court he may, without recopying the record now in this court, have an appeal by complying with the Code provisions on the subject.

Appeal dismissed.