## Phillips v. Green.

(Decided March 21, 1922.)

### Appeal from Daviess Circuit Court.

1. Gaming—Gambling Contracts and Transactions—Evidence.—In an action to recover the value of a draft, the evidence is such as to show that the draft was obtained in a game of chance and therefore no recovery can be had.

2. Gaming—Gambling Contracts and Transactions—Law of Another State.—Where a gambling contract was made in Indiana, whose

gaming statute is much the same as that of Kentucky, the action to recover upon it cannot be maintained as the contract is void.

TANNER W. JETT for appellant.

JAMES J. SWEENEY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Ivory Phillips, instituted this action in the Daviess circuit court against appellee, Lawson Green, to recover $1,001.40 alleged to be the amount of a certain draft and protest fees drawn by the United States National Bank of Owensboro, Kentucky, in favor of appellee, Lawson Green, on the Hanover National Bank of New York, endorsed in blank by the payee, Lawson Green, and transferred and delivered to appellant Phillips for value, on which payment was refused by the drawee bank at the instance and direction of the payee, now appellee, Lawson Green, and the paper protested. Green defended upon the ground that the draft was obtained from him in a game of craps, a game of chance, and without other consideration. A trial resulted in a verdict and judgment for the defendant, now appellee, Green, and Phillips appeals. To reverse the judgment he urges two grounds: (1) Error of the court in overruling his motion made during the progress of the trial to discharge the jury and continue the case because counsel for appellee, after the court had sustained an objection to a question, made an avowal in the presence and hearing of the jury. (2) The verdict of the jury is flagrantly against the evidence.

1. Appellant Green called a witness named Poole, by whom he sought to prove the reputation of the house where the soft drink place was kept, and in which Green had testified that the game of craps in which he had lost his money was carried on. This was called Martin's place, and the following question was asked the witness: "Have you played a game in Martin's place recently?" To this question the plaintiff Phillips objected, and this objection was sustained by the court. Counsel for appellee then said: "Avowal." The court: "What would be your avowal?" Counsel: "That it is a gambling house and has always been a gambling place." The court: "Gentlemen of the jury, you will not consider that." Whereupon counsel for the plaintiff moved the court to discharge the jury and to continue the case. This mo-

tion being overruled, he excepted. There are two reasons why this objection is not well taken. The first one is that a witness, Dave Poole, had just testified that the soft drink stand was a regular gambling house to which there was no objection. Other evidence, including that of the defendant, Lawson Green, was to the same effect, and there was no objection. The second reason why the plaintiff was not prejudiced by defendant's counsel stating his avowal in the presence and hearing of the jury is, that the court immediately admonished the jury not to consider the avowal. Of course, counsel should not have stated his avowal in the hearing of the jury. That was error, but it was not prejudicial under the facts of this case for the two reasons above stated.

2. We do not think the verdict of the jury is flagrantly or at all against the weight of the evidence. The plaintiff testified that he received the $1,000.00 draft from the defendant, Green, in the regular course of business; that is, Green needed some money and desired Phillips to cash the draft, which he did, and gave to Green $1,000.00 in money. All this took place at the soft drink stand of Martin in the presence of several persons, some of whom testified concerning the transaction. This house was located in Rockport, Indiana. Appellee Green, who is a farmer, testifies that he had just sold his tobacco crop in Owensboro, where he lived, and was passing through Rockport when he met appellee, Ivory Phillips, on the streets of Rockport, and was taken by him to the second floor of the building where the soft drink stand was kept, and there he met several men in a room and they all engaged in a game of craps. Green had in his pocket $415.00 in cash and the draft for $1,000.00 which he had received for his tobacco crop. The game of craps was played on the floor. They began by shooting for small sums, $5.00 and $10.00, and before very long Green had lost all of his $415.00 and asked for a loan from one of the other men in the game, which was granted. Being asked if he could give a check, Green responded that he had a $1,000.00 draft in his pocket, and arrangements were soon made whereby he obtained other loans on the draft until the whole was consumed and lost. Thereupon, he endorsed by mark the draft in question, his name being written by one of the other men at his instance, and the draft delivered to Phillips. He remained all night in the room in which the gambling was carried on, but some of the other men soon

left. Next day he went to Owensboro and directed the bank to refuse payment on the draft. It was protested, the fee being $1.40, and this suit was brought not only to recover the amount of the original draft, but the protest fees also. Appellee Green was unable to call any other witness who was present at the crap game, but the draft was produced, and it is clearly shown that the house where he was entertained was one in which gambling was regularly conducted, and that the men with whom he came in contact and whom he, up until that time, recognized as friends, were conducting the gambling. Most of the other persons whom Green named as present at the time of the game testified that they were not present at any game, and did not know a game of craps had been carried on in that house on that occasion; that they were not gamblers, nor engaged in that business. There are several suspicious circumstances surrounding the endorsement and delivery of the draft by Green to Phillips, one of them being that Phillips was unable to account for having in his possession on that particular occasion $1,000.00 cash, which he claims he furnished to Green as an accommodation and received the draft in exchange. On this point his testimony is very weak and unsatisfactory. There was sufficient evidence to warrant the jury in concluding that the draft was obtained from Green in a game of chance, and the verdict cannot be disturbed upon the ground that it is flagrantly against the weight of the evidence.

The answer of Green pleads the law of the state of Indiana, averring that Burns' Indiana Statutes, 1914, section 7547, provides: "All notes, bills, bonds, conveyances, contracts, mortgages or other securities made hereafter when the whole or any part of the consideration thereof shall be for money or other valuable thing, won on the result of any wager, or for repaying money lent at the time of such wager for the purpose of being wagered, shall be void." As the contract under which appellant Phillips obtained the draft was made in the state of Indiana and grew out of a game of craps, a wager, it must be held to be void. The statutes of Kentucky are much to the same effect. See section 1955, Kentucky Statutes.

In his statement of appeal, appellant Phillips says the judgment appealed from was rendered at the "May term of the Daviess circuit court (on the 21st day of May, 1920), may be found on page 22 of the record." On page

22 of the record begins an order empaneling the jury, calling the stenographer, offering instructions, and concludes with the following: "Argument of the counsel was heard and the action submitted to the jury, who retired to consider their verdict, and returned into court the following verdict, viz.: 'We, the jury, find for the defendant,'" but there is no judgment either dismissing the plaintiff's petition or restoring the draft in the litigation to the defendant Green. On page 30 of the record there is an order overruling the motion and grounds of plaintiff for a new trial, but there is no appeal from this order. Following this the order reads: "On motion of the defendant, it is adjudged by the court that the defendant is entitled to the possession of the exchange, amounting to $1,000.00, sued on herein and filed with the petition, and he is permitted to withdraw same from the record in the case by leaving an attested copy of same in the record, to which ruling of the court the plaintiff objected and excepted. From the ruling of the court in overruling his motion for a new trial and from the judgment awarding the defendant the possession of the exhibit sued on herein, the plaintiff prays an appeal to the Court of Appeals, which is granted." Still there is no judgment dismissing appellant's action. The judgment referred to in his statement of appeal as being on page 22 is not a final order and no appeal would lie therefrom. Shaw v. Morrison, 193 Ky. 751.

For the reasons indicated the judgment is affirmed.