## Clark, By, etc. v. Pullman Company.

(Decided October 31, 1924.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1.  Appeal and Error—Order Granting New Trial Not Appealable.—Order granting new trial is not final, and cannot be appealed from.

2.  Appeal and Error—Verdict Returned Upon First Trial May be Substituted for Verdict Returned on Second Trial in Proper Case.—If, upon second trial, verdict and judgment are less favorable to aggrieved party than on first trial, he may, on appeal from last judgment, raise question that new trial was wrongfully granted, and in proper case first verdict will be substituted for last verdict, and judgment entered thereon.

3.  New Trial—Properly Granted for Newly Discovered Evidence Concerning Extent of Injury—New trial held properly granted in personal injury action for newly discovered evidence that injury was probably not as serious as plaintiff's witness testified.

4.  Appeal and Error—New Trial—Trial Courts have Broad Discretion in Granting or Refusing New Trials.—Trial courts have broad discretion in granting or refusing new trials, and reviewing court is reluctant to interfere with that discretion, particularly when exercised by granting new trial.

SHACKELFORD MILLER and HUBBARD & HUBBARD for appellant.

PETER, LEE, TABB & KRIEGER for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

The only question involved on this appeal is whether a verdict returned upon the first trial for damages should

be substituted for a verdict returned on a second trial for a less amount, the court having granted a new trial after the first verdict.

Appellant, an infant, was injured while a passenger on one of appellee's cars, as alleged, because of the negligence of one of its employees. She brought her action for damages in the state court and fixed her damages at $3,000.00, and upon the first trial the jury promptly returned a verdict for the full amount. A new trial was granted defendant, and upon a second trial the verdict was for only $750.00. From the judgment on the last verdict the plaintiff is appealing, and urges that the new trial was wrongfully granted and that the first verdict should be substituted for the second and judgment entered on it.

There was a bill of exceptions and a bill of evidence showing the proceedings on the first trial, but there is no bill of the evidence taken on the second trial, although plaintiff's counsel was granted time in which to file the same.

Even though the trial court wrongfully granted the new trial, such an order is not a final order and cannot be appealed from; but if upon a subsequent trial the verdict and judgment be less favorable to the aggrieved party he may on an appeal from the last judgment raise the question that the new trial was wrongfully granted, and in a proper case this court will reverse the last named judgment and direct the substitution of the first verdict for the last, and the entering of a judgment thereon. Steinke v. North Vernon Lumber Co., 190 Ky. 231.

While the court in its opinion granting a new trial referred incidentally to several other grounds stated in the motion, it in fact granted the new trial upon the ground of newly discovered evidence.

Upon the first trial there had testified for the plaintiff three physicians, the first of whom being the one who had treated plaintiff shortly after the injury, and had after a short treatment discharged her as practically well; the second had seen her and treated her some months later and testified to a somewhat more serious condition than did the first doctor, but attributed the condition he found to the confinement of the foot in a plaster cast or other encasement after the injury. The evidence, however, showed that it had not been placed in a plaster cast, but had been securely wrapped with adhesive plaster.

The last physician was the last witness testifying for the plaintiff. He had never treated the child professionally, and made his first examination of the foot two days before the trial for the purpose of testifying. He testified to an inflammation of the anterior tibial nerve, such an injury as stated by him having a tendency to draw the foot around toward the inner side and produce a deformity. He stated that the condition he found in this case was progressive and had not at that time reached its worst stage, and there was a suggestion that it might eventuate in a club foot. Neither of the other doctors had testified to any injury to this nerve, or to anything indicating such a serious injury.

Counsel for defendant not having a technical knowledge of such nerves, or the effect of an injury to them, proceeded with the trial not knowing as claimed in an affidavit that the evidence of the last named doctor was wholly erroneous as well as misleading. However, after the trial, upon inquiry and investigation, it was disclosed as shown by the affidavit of two physicians filed on the motion for a new trial, who are referred to in the trial court's opinion as physicians of "eminent repute," that they had read the evidence of the physician last testifying and from his statements it was clear and evident that there was no serious injury to the anterior tibial nerve, and that if there had been there would have been a state of paralysis of the muscles supplied by that nerve, and the child could not have used the paralyzed muscles. They each state that it would have been impossible on account of the position and size of that nerve to feel the same without cutting the skin and the underlying tissues, although the other doctor had testified to feeling it. They also state in substance that the condition testified to on the trial by the last named physician would not have caused a difference of half an inch in the child's foot as testified by him.

They also state that in their opinion it was impossible from one examination of the child nearly ten months after the injury to see whether the condition of her foot would in the future grow better or worse; and that the only way one could come to such a conclusion would be to see the child upon several occasions, some intervals apart, and compare the conditions on those various occasions.

The record discloses that the child's mother in an affidavit filed disclosed the names of only two physicians

who had treated her, and defendant's counsel thereafter took the depositions of those two physicians, and they were the first two above referred to. So that when the last named physician testified to a state of case not disclosed in the evidence of either of the first two and indicating a much more serious injury, the attorneys had no fair opportunity during the progress of the trial to investigate and refute the statements of the last named physician.

When, therefore, it was disclosed by the evidence of two physicians of eminent repute on the motion for a new trial that the injury testified to by that physician was probably not true, and that it probably was not a progressive injury and probably would not result in a club foot, in the exercise of his broad discretion and in furtherance of justice, the court properly granted a new trial to the end that there might be a more comprehensive investigation of the nature of the injury, and consequently the amount of recovery justly fixed.

As stated, we have not the evidence before us on the last trial, but the very fact that the verdict on that trial was for only one-fourth the amount of the verdict on the first trial is convincing, in and of itself, that the trial court in granting the new trial did not abuse its discretion.

The facts in this case present substantially the same question as was disposed of in the case of Anshutz v. Louisville Railway Co., 152 Ky. 741. In that case a young married woman had been injured in a street car accident which necessitated an operation whereby all the physicians at the trial, testified she was made barren. There was likewise evidence that at the time of the trial an internal tumor had formed which would necessitate another and possibly more serious operation. The trial was held in December, and the next June, notwithstanding the evidence of the physicians, the plaintiff gave birth to a child. The defendant then filed its suit for a new trial which was granted.

After an examination of many authorities, the court in stating the rule as to granting new trials for newly discovered evidence said:

> "From an examination of all these cases the rule is to be deduced that where the newly discovered evidence is of such conclusive nature, or even of such decisive or preponderating character as that it would

with reasonable certainty have changed the verdict, or materially reduced the recovery, a new trial should be granted if it is satisfactorily shown why the same was not discovered and produced at the trial.''

In that case this court upheld the granting of a new trial because it was convincingly shown that the evidence of the physicians, which was largely the basis of the amount of the recovery, to have been erroneous, or at least that they were mistaken in their conclusions; in this case the trial court likewise properly sustained the motion for a new trial because it became convinced by the evidence filed thereon that the physician's evidence on the trial was erroneous and misleading, and materially affected the amount of the verdict.

The affidavit of counsel for defendant satisfactorily shows a state of case which prevented a refutation of this evidence at the jury trial.

Trial courts necessarily have a broad discretion in the granting or refusing of new trials. This court is very reluctant always to interfere with that discretion, and particularly when it is exercised by granting the same, for the trial court is familiar with the whole atmosphere of the case as disclosed on the trial and generally better fitted to exercise that discretion.

The amount of the second verdict, after a full opportunity to develop the nature and extent of the injury and disclose whether it was progressive or not, is convincing there was no abuse of discretion.

Judgment affirmed.