## GREEN v. ENEN. (No. 7292.)*

(Court of Civil Appeals of Texas. San Antonio. Feb. 25, 1925. Rehearing Denied March 25, 1925.)

**1. New trial ⊚➞44(3)—Juror's signing of name several times to prove that one's signature varies held not misconduct warranting new trial.**

In suit on note, action of juror in stating that a man never writes the same way twice, and then proceeding to write his name several times to demonstrate truth thereof, *held* not misconduct warranting new trial.

**2. New trial ⊚➞44(3)—Juror's statement as to effect of putting signature on paper held not to require new trial.**

In action on note, statement of juror that when person puts his name or signature on piece of paper "he has to pay for it whether he thinks he ought to pay for it or not," which apparently was simply given as his opinion as a layman, and not as one professed to be learned in the law, *held* not misconduct warranting new trial.

**3. Appeal and error ⊚➞978(3)—New trial ⊚➞ 44(1)—New trial for misconduct of jury largely within trial court's discretion, and not disturbed in absence of abuse.**

On motion for new trial for alleged misconduct of jurors, trial court is allowed wide discretion in determining extent and effect of alleged misconduct, and in absence of showing of clear abuse of discretion his action will not be disturbed.

**4. Trial ⊚➞351(5)—Refusal of requested issues not error, where covered by issues submitted.**

Refusal to submit requested special issues is not ground for error, where substance of such issues were embraced in issues actually submitted.

**5. Trial ⊚➞350(8)—Refusal to submit issue as to alteration of note proper, where uncontroverted testimony showed no alteration.**

In action on note, refusal to submit defendant's requested issue as to whether or not date of note had been altered or changed, was properly refused, where uncontroverted testimony showed it had not been so altered.

**6. Appeal and error ⊚➞1046(1)—Exclusion of litigant's wife from courtroom, even if error, not ground for reversal, where no harm shown.**

Action of trial court in placing defendant's wife under rule and excluding her from courtroom, even if erroneous, does not require reversal, where no possible harm was shown to have resulted to defendant therefrom.

**7. Bills and notes ⊚➞502 — Note itself held properly admitted in suit thereon.**

In action on note, where plaintiff identified note and testified to its execution by defendant, it was admissible, notwithstanding defendant had pleaded non est factum.

**8. Evidence ⊚➞106(1)—Testimony as to plaintiff's business quarrels properly excluded in suit on note.**

In suit on note, defendants offered testimony showing that plaintiff and another had been in business together and their relations were broken up and ended in litigation was properly excluded, it being inadmissible to prove plaintiff's general reputation, and has no bearing on issues in case.

**9. Trial ⊚➞122—Reference to defendant's failure to produce banker familiar with his signature held not improper.**

In suit on note, in which defendant pleaded non est factum, suggestion by plaintiff's counsel in his argument that defendant had not produced his banker was not improper, notwithstanding agreement not to produce handwriting experts, where counsel did not suggest that banker could have testified as expert.

**10. Trial ⊚➞352(7)—Order of submitting unrelated issues discretionary with trial court.**

There is no rule as to order in which unrelated issues shall be submitted to jury, and it is for trial court to determine the order in which they should be submitted.

**11. Appeal and error ⊚➞1040(10)—Overruling defendant's exception to sufficiency of plaintiff's allegation as to consideration of note sued on held harmless.**

In suit on note, since plaintiff was under no duty to set up nature of consideration, failure of which was purely defensive matter and as burden of showing such failure rested on defendant, court's overruling of defendant's exception to sufficiency of plaintiff's allegations as to consideration was immaterial.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by G. M. Enen against R. H. Green. Judgment for plaintiff, and defendant appeals. Affirmed.

Norton & Brown and Henry Groesbeck, all of San Antonio, for appellant.

Denman, Franklin & McGown, of San Antonio, for appellee.

SMITH, J. On March 25, 1914, appellant Green executed and delivered to appellee Enen a promissory note payable to the latter six months later, for the principal sum of $2,250. The note was not paid at maturity, but it is alleged that on March 25, 1919, Green executed a renewal note for the principal sum only, bearing interest from its date. The latter note was not paid, and Enen brought this suit to enforce its payment. In

his trial answer Green pleaded non est factum, alteration of the instrument, and failure of consideration. Upon a trial the jury found that Green executed the note as alleged, and that the original note was given by him in settlement of a claim asserted by Ehnen against him. From the resulting judgment Green has prosecuted this appeal, which is presented here upon 23 points of law

[1] Under point 1 appellant complains of the conduct of the jury in two particulars. One of the jurors upon the hearing of appellant's motion for new trial testified that "while he was in the jury room there was some discussion among the jurors to the effect that a man's signature varied, and a man never writes the same way twice, and one of the jurors, Mr. Parrish, wrote his name, and he wrote several names, and some of them claimed that they were not like each other, that there was a little difference." It appears that some of the jurors were more or less influenced by this discussion and demonstration. We perceive no substantial vice in this conduct, however. The discussion was of a matter of general knowledge and information, that the signature of nearly every person, if not all persons, varies more or less from time to time and in different degrees, and we think the fact that the jurors discussed this common characteristic and gave weight to it in considering their verdict was natural and proper. In juror Parrish's demonstration the variation disclosed was slight, and while on the stand appellant himself pointed out certain inconsistencies in his own habit of signature. We think no harm was done appellant by this incident in the jury room. Jurors must be allowed some latitude in their deliberations, in their good-faith efforts to arrive at a verdict. In resolving issues of fact confronting them, they must be permitted to call to their aid the common experiences, traits, manners, and customs of mankind, such as the homely experiment of juror Parrish. He did not profess to be an expert, or to have peculiar or scientific knowledge, but merely pointed out and illustrated a characteristic common to nearly all persons, if not all of them. 16 Cyc. pp. 849, 852, 925.

[2, 3] Again, one juror argued that when a person has put his name or signature on a piece of paper "he has to pay for it whether he thinks he ought to pay for it or not"; one man "mentioned something about a note he had to pay." Appellant likewise complains of this incident as being misconduct requiring a reversal of the judgment, because the statement embraced an erroneous view of the law. But the juror did not profess to be learned in the law, or assert that he had investigated the legal question involved, or had been advised thereon by any legal authority. Apparently he was simply giving his opinion as a layman upon what he conceived to be the effect of executing a written instrument.

This argument was delivered by the juror while discussing the question of whether or not the original note made in 1914 was given in settlement of a disputed claim. The relevancy of the argument to that issue is not easily discernible, and it is inconceivable that the jurors would stultify themselves by claiming that the argument controlled their answer to the specific issue under consideration. It is probably true that no jury in any contested case arrives at a verdict without some of its members drawing upon and asserting their individual ideas and opinions upon the matters submitted to them. Otherwise they would never agree in case of any controversy between them. They are entitled to summon these things to their aid in composing their differences, so long as they do not testify to facts dehors the record, and with assumed authority pronounce specific rules of law in conflict with the law of the case. In cases such as this the trial court is allowed a wide discretion in determining the extent and effect of alleged misconduct of the jury, and, unless the record discloses a clear abuse of such discretion, appellate courts will not revise the action of the trial court. This appeal does not present a case of manifest abuse of discretion in the court below, and we overrule appellant's contentions to the contrary. Jones v. Ry. (Tex. Civ. App.) 749, 210 S. W. 750.

[4] Appellant requested and the court refused the submission of certain special issues mentioned in appellant's points 2, 3, 5, and 15, in which complaint is made of the court's action. The substance of the issues requested and refused was embraced in issues actually submitted, however, and for that reason the points indicated will be overruled.

[5] Appellant requested another issue proposing to submit the question of whether or not the date of the note sued on had been "altered or changed." This issue was properly refused, however, because there was, not only no evidence that the instrument had been altered in any particular after it was executed, but the uncontroverted testimony showed it had not been so altered. We overrule appellant's points 4, 6, and 14, in which this question is variously raised.

[6] In his point 7 appellant complains of the action of the court in placing appellant's wife under the rule during the trial and excluding her from the courtroom along with other witnesses. Even if this action had constituted error, no possible harm is shown to have resulted to appellant therefrom. We overrule point 7. The same may be said of the exclusion of certain testimony set out in appellant's points 8, 10, and 12, which are accordingly overruled.

[7] Appellant complains of the admission in evidence of the note sued on, but we think that evidence was properly admitted and the point should be overruled. Appellee had

identified the note and testified to its execution by appellant, as alleged, which made it admissible, notwithstanding appellant had pleaded non est factum. Point 9 will be overruled.

[8] Appellant offered to prove by appellee and one Samuels that "along in 1914 and 1915" Samuels was in business with appellee. It seems that the purpose of this testimony and of that to follow it was to show that Samuels and appellee had been in business together, and that their relations were broken up in a quarrel and ended in litigation. For obvious reasons the testimony was clearly inadmissible, and had no bearing on the issues in this cause. Isolated transactions such as this could not be invoked to prove appellee's general reputation, the ostensible purpose for which it was offered. Points 11, 12, and 13 are accordingly overruled. 22 C. J. p. 481, § 579.

[9] In his argument before the jury appellee's counsel suggested that appellant, an old-time resident in San Antonio, had not produced his banker to testify upon the issue of non est factum, that the banker who cashes appellant's checks ought to know the latter's signature and be able to testify. The parties had agreed not to undertake to produce handwriting experts as witnesses, and appellant contends this argument violated the spirit of that agreement. However, counsel did not suggest that the banker should or could have testified as an expert, but from actual knowledge of appellant's individual signature. We think the argument was proper, and overrule point 16. Appellant's point 17, also complaining of argument of counsel, is without merit and will be overruled.

[10] Appellant's points 18 and 19 are overruled. There is no rule for the order in which segregated and unrelated issues shall be submitted to the jury, and it was for the court to determine whether it should propound the first-submitted issue as No. 2, or vice versa. The form of special issues Nos. 1 and 2 submitted by the court is not subject to the objections made in appellant's points 19, 20, and 21, which are overruled. Those issues present in simple form the only two ultimate issues in the case, first, Was the note sued on executed by appellant? and, second, Was the original note given in settlement of a disputed claim appellee had asserted against appellant?

[11] In his point 22 appellant complains of the action of the court in overruling his exception to the sufficiency of appellee's allegation setting up the consideration for the execution of the original note of March, 1914. Appellee was under no duty to set up the nature of the consideration; he could have made all his proof without any allegation, and in response to appellant's plea of failure of consideration. The court could have stricken out the whole pleading excepted to

by appellee, and appellant would have been no worse off, or better off. Failure of consideration was a purely defensive matter, and the burden rested upon appellant as defendant below to allege and prove a prima facie case thereunder. If he had done so, the burden of proof, but not of pleading, would then have shifted to appellee as plaintiff below to bring out his proof on rebuttal, which he could have done even in the total absence of responsive pleadings. So it did not matter at all whether or not the court sustained exceptions to appellee's surplus pleading. It could not have affected the case one way or another.

Appellant complains, in his twenty-third and last point, that there was no sufficient or competent evidence to support the verdict, but we overrule this contention. The two issues submitted and the findings of the jury thereon were fully warranted by the evidence in the case, and the judgment must be affirmed.