## Bean v. Campbell.

(Decided February 17, 1931.)

E. S. HOWARD and JOHN T. RONE for appellant.

A. D. KIRK and CLARENCE BARTLETT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE LOGAN—
Reversing.

L. B. Bean instituted an action for a new trial as is
allowed by the provisions of section 518 of the Civil Code
of Practice. There had been a suit against him, wherein
the appellee was plaintiff, seeking to recover a strip of
land, and, as a result of the trial, the land was awarded
to appellee. Appellant, Bean, had filed an answer mak-
ing defense, and there was a trial, as is shown by this
record.

In his petition for a new trial appellant alleged that
for more than fifteen months he had been in very bad
health, and that during all of that time his physical con-
dition had been such that his mind was impaired .and so
defective as to render it unbalanced and him incompetent,
and that this condition prevailed at the time of the trial
in the former action, and had prevailed for many months
before the trial, even further back than the institution of
the former suit. He alleged that in April before the trial
of the former action in December he had been confined
in a hospital where he underwent two major surgical
operations, and that, because of his mental and physical
condition, he had been unable to prepare his defense in
the former suit, and that his mind was so impaired that
he was unable to place his attorneys in possession of facts
necessary to sustain his defense. Without going further
into detail touching his allegations, it is sufficient to say,
that, if they are true, he was not mentally competent to
advise his attorney or to prepare his defense at any time
during the pendency, or at the time of trial of the former
action.

The chancellor sustained a demurrer to his petition,
and he filed an amended petition copying therein the pro-
ceedings in the former trial, but the demurrer was sus-
tained to the petition as amended. Counsel for appellee
point out that, under section 518, Civil Code of Practice,
it is necessary to make a part of the petition the record
of the former trial. Section 520 Civil Code of Practice
requires the petition to be verified, that the judgment in
the former action be set forth, the grounds to vacate, or
modify, it to be stated, and the defense to the action
where the party applying for a new trial was a defend-
ant in the former action. It is true that the record in the
original case should be made a part of the petition for a
new trial, but it is not absolutely required. Smith v.

Chapman, 153 Ky. 70, 154 S. W. 915; Nicely v. Hickman, 188 Ky. 258, 221 S. W. 566. The petitioner must make it appear by his pleading that he is entitled to the relief sought, and that makes it necessary for him to bring to the attention of the court the record of the original action. But he is not required to produce and file with his petition the record in the original case, if his petition is made to show facts which will enable the court to know all about the original action that a copy of the record would disclose. Appellant referred to the former action in his petition, and recited that it was filed with it as an exhibit and made a part thereof. He appeared in court with a motion asking that the clerk be required to place the record in the original action with the petition for a new trial. He did not stop with these steps, but, in an amended petition, he literally copied therein the pleadings, orders, and judgment in the original action. The demurrer admitted the truth of all that he had well pleaded. He fully complied with the provisions of the Code requiring the court to be made acquainted with the record in the original case by the petition filed for a new trial. It is argued that he should have made the evidence heard on the former trial a part of his petition, but the evidence heard on that trial was not a part of the record.

It is urged by appellee that the petition did not set up any new defense that appellant could present to the court if he should be granted a new trial. An answer was filed by him, or for him, in the original action, and, if he was incapacitated to the extent that he alleges in his petition for a new trial, any defense would be a new defense, as he was in no position to rely upon the defense alleged in the original action. But the petition for a new trial alleges matter not found in the answer to the original petition. He sufficiently set up in his petition for a new trial the defense which he had to the original suit.

It is contended by counsel for appellee that appellant had a complete remedy by appeal, if any injustice had been done him by the judgment in the former action, and it is argued that there can be no remedy sought under the provisions of section 518, Civil Code of Practice, if there is a remedy available by appeal. Probably that is a correct statement of the law. At least it was so written in Smith v. Patterson, 213 Ky. 142, 270 S. W. 930. But that opinion points out that the errors leading to an erroneous judgment were apparent on the record,

and could be reached by an appeal. Such is not the case before us. There is no way that appellant could obtain' relief by appeal. The record did not show that he was mentally incompetent to make defense at the time of the former trial.

It is suggested by counsel for appellee that the trial court has a wide discretion in granting or refusing a new trial. That is true. Mosely v. Morgan, 199 Ky. 845, 252 S. W. 117; Clark v. Pullman Co., 205 Ky. 336, 265 S. W. 820. The trouble with appellee is that he does not have a case to fit that rule. The court refused to hear the matter on its merits. A demurrer was sustained to the petition. It may be that all the reasons urged against the granting of a new trial by counsel for appellee are sound and available, but they were not before the court. The court could not have determined whether appellant was so mentally incapable of looking after affairs that he was unable to present his defense in the former action, as he decided by sustaining the demurrer that such a condition of the appellant, if true, would not authorize the granting of a new trial. There ought to be no disagreement over the proposition that every litigant should be entitled to a fair hearing when he is brought into court, and, if his mind is so unsound that he does not know what is going on, few, if any, would contend that he had a fair hearing. It may be insisted that his attorneys should have protected him, but he may have been in such a condition that he could not advise his attorneys about his mental condition, and his attorneys may not have known about it, and it may not have been presented to the court. Again, he may have no reasonable grounds for making the allegations which are found in his petition, but he alleged enough to entitle him to a hearing on the questions presented.

Judgment reversed, and cause remanded, with directions to overrule the demurrer to the petition as amended.