North American Refractories Co. v. Day et al.

Nov. 15, 1940.

Watt M. Prichard, Judge.

Davis, Boehl, Viser & Marcus and Dysard & Dysard for appellant.

Davis M. Howerton for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

The appellee, Walter Day, sustained an injury to his hand by an accident arising, out of and in the course of his employment by the appellant, North American Refractories Company, and in January, 1938, by an order of the Workmen's Compensation Board he was awarded total permanent disability compensation.

In November, 1938, appellant filed with the Workmen's Compensation Board a motion to reopen the case because of change for the better in the physical condition of appellee, the motion being filed pursuant to Section 4902, Kentucky Statutes. The motion was supported by the medical report of a physician, who had examined appellee pursuant to an order of the Board entered on appellant's motion, and by an affidavit of appellant's attorney. The Board, without hearing evidence, overruled appellant's motion to reopen the case and at the same time overruled a motion by appellee for a lump sum commutation of the award. In January, 1940, the appellant filed a second motion to reopen the case, based on the same ground as the former motion, and this motion was supported by affidavits of several physicians, as well as other affidavits. Appellee filed counter-affidavits in opposition to the motion and also entered a plea of res judicata before the Board to the effect that the order overruling the former motion to reopen was a bar to the second motion because the second motion was based on the same factual situation as the

former motion. No evidence was heard before the Board, the motion being submitted on the affidavits and counter-affidavits, and the Board sustained the motion and entered an order reopening the case. At the same time the Board overruled a second motion of appellee for a lump sum payment.

Appellee thereupon filed in the circuit court a petition for review of the Board's action in ordering a reopening of the case, setting out all the facts and alleging that the action of the Board was in excess of its power and not in conformity with the Workmen's Compensation Law for the reason that the facts relied upon in the second motion to reopen were the same facts relied upon in the former motion, which the Board had overruled. In short, the effect of the allegations was that the Board should have sustained the plea of res judicata entered by appellee before it.

On final hearing the circuit court was of the opinion that appellant's second motion to reopen was based upon and supported by the same facts as appeared on the former motion and that the plea of res judicata was good. Judgment was entered setting aside the order of the Board reopening the case and the present appeal is from that judgment.

The case is briefed only on the res judicata feature above mentioned and no question of the appealability of the order of the Board reopening the case is raised. Ordinarily we follow our rule of considering only those questions raised in the briefs, but to do so here would result in our opinion being regarded at least as implied authority that such an order is final and appealable. Since we have reached the conclusion that the order was not a final and appealable one, we are dealing with a jurisdictional question which is not waived by the failure to raise it in the brief.

By virtue of Section 4935, Kentucky Statutes, an appeal may be taken to the circuit court only from a final order or award of the Workmen's Compensation Board so that the appealability of an order of the Board is determined by the rule applicable to appeals from a lower to a higher court, namely, that an appeal may be taken only from a final order.

In Maysville & Lexington R. Co. v. Punnett, 15 B.

Mon. 47, 48, the court defined a final order as one that "either terminates the action itself, decides some matter litigated by the parties, or operates to divest some right, in such a manner as to put it out of the power of the court making the order after the expiration of the term, to place the parties in their original condition". This definition has been many times cited and approved in the opinions of this court, among which are Searcy v. Three Point Coal Co., 280 Ky. 683, 134 S. W. (2d) 228, and Green River Fuel Co. v. Sutton, 260 Ky. 288, 84 S. W. (2d) 79, both of which are cases decided under the Workmen's Compensation Law. In the latter case it was held that a circuit court order remanding a case to the Workmen's Compensation Board, without passing on the merits, with direction to make an award in compliance with the statute by separating findings of law and fact, was not a final and appealable order. The court entered into an extensive review of the authorities defining a final and appealable order and, for that reason, it is not necessary to do so again here. In the former of the two cited cases it was held that an order of the circuit court remanding the case to the Board and directing it to set aside the award was a final and appealable order since it divested the party in whose favor the award was made of a right in such manner as to put it out of the power of the court after the expiration of the term to place the parties in their original condition. In the later case of Inland Steel Co. v. Newsome, 281 Ky. 681, 136 S. W. (2d) 1077 the two cases were distinguished and it was held that an order of the circuit court remanding a case to the Board, which impliedly set aside the award, was an appealable order.

Under the rules announced in Green River Fuel Co. v. Sutton, supra, the order of the Board reopening the case was clearly not a final and appealable order since the appellee was deprived of no vested right and there was no adjudication against him. His award was neither set aside, reduced or modified, the effect of the Board's order reopening the case being merely that a hearing was to be had to determine whether or not a modification of the award should be adjudged.

Of course, if the Board had denied a reopening of the case its order to that effect would have been a final order as to the appellant and appealable by it since such an order would have resulted in a complete and

final denial of the right demanded by it, a reduction in the amount of the award. Or if an injured employee applies for a reopening of a case and an increase in an award on account of change of condition, an order denying a reopening is a final order as to him since it is, in effect, a final and complete denial of the relief sought by him.

Here the appellee was not deprived of any right. The order did not purport to make any determination of appellant's liability for, or of appellee's right to, compensation, or to reduce, modify or disturb the existing award in any manner whatever. The situation is somewhat analogous to the case where a plaintiff obtains a verdict and a new trial is granted the defendant. Such an order is not a final order and cannot be appealed from but if upon a subsequent trial the verdict and judgment be less favorable, the plaintiff may on appeal from the last judgment raise the question that the new trial was wrongfully granted and in a proper case this court will reverse the second judgment and direct the substitution of the first verdict for the last and the entering of a judgment thereon. See Clark v. Pullman Co., 205 Ky. 336, 265 S. W. 820.

If, after a hearing, the Board modifies or decreases the award made to appellee, its order to that effect would be a final and appealable order and on appeal therefrom appellee could then present the question which he attempted to raise by the petition for review filed in the circuit court, namely, that the Board wrongfully reopened the case but, until the Board makes an order which is in some respect a final determination of the right to or liability for compensation, that is, until it sets aside, modifies or reduces the existing award, no appeal lies.

The judgment is reversed with directions to dismiss the petition for review.

The whole court sitting, except Judge Perry.