**HUBER & HUBER MOTOR FREIGHT COMPANY, Appellant,**

v.

**WORKMEN'S COMPENSATION BOARD of Kentucky et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 4, 1963.

William Kiel, Louisville, Denney & Landrum, Lexington, for appellant.

George D. Dorroh, Lexington, for appellees.

**482**

WADDILL, Commissioner.

This is an appeal from a judgment of the Fayette Circuit Court dismissing a petition for review filed by appellant pursuant to KRS 342.285.

The appellee, William J. McCoy, was injured May 6, 1960, while employed by appellant. On November 30, 1960, he filed a claim for compensation benefits with the Workmen's Compensation Board. Thereafter a paper styled "Stipulation and Order of Dismissal" and signed by McCoy, his counsel and appellant's counsel was filed with the Board. Thereupon, the claim was dismissed by an order of the Board on March 7, 1961. However, upon the Board's own motion this order was set aside on March 21, 1961, as unauthorized under KRS 342.265. There was no appeal taken from these orders. Subsequently, upon McCoy's motion to reopen his claim, the Board entered an opinion and order on May 1, 1962, wherein it observed that, since the order of dismissal had been set aside, McCoy's claim for compensation is still pending before the Board. Accordingly it overruled the motion to reopen and ordered McCoy's claim for compensation, upon proper notice to the parties, to be heard by a referee.

Appellant contends that by virtue of the order dated March 7, 1961, the Board lost jurisdiction of McCoy's claim and that subsequent orders of the Board were void.

It is the order of May 1, 1962, which appellant asked the circuit court to review. Obviously this order does not make any determination of McCoy's claim. In our opinion the Board has merely provided for a hearing to determine the merits of the controversy. The effects of the order of dismissal and the order setting it aside may be considered at that hearing. We have concluded that the 1962-order was not a final appealable one. North American Refractories v. Day, 284 Ky. 458, 145 S.W.2d 75. Consequently the petition for its review was properly dismissed.

The judgment is affirmed.