**Walter A. SEIDL, Appellant,**

v.

**Charles R. WILLEN et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 27, 1967.

---

William Lehnig, Louisville, for appellant.

John Frith Stewart, Louisville (Herbert L. Segal, Louisville, of counsel), for appellees.

HILL, Judge.

The Workmen's Compensation Board overruled appellant-employer's motion to make the Special Fund a party. Appellant attempted to appeal to the circuit court, where a judgment was entered dismissing the attempted appeal without assignment of any reason therefor. The appeal to this court followed.

Only one question is presented, and it is whether an order of the Workmen's Compensation Board refusing to make the Special Fund a party has such finality as to be appealable before the whole case is tried on the merits.

Provision is made by KRS 342.120(1) that:

"A claimant may in the original application for benefits, or either party may by motion while the case is pending, accompanied by proper allegations, and the board shall upon its own motion at any time before the rendition of the final award, cause the Subsequent Claim Fund to be made a party to the proceedings if either or both of the following appears:

(a) The employe is disabled, whether from a compensable injury, occupational disease, pre-existing disease, or otherwise, and has received a subsequent compensable injury by accident, or has developed an occupational disease * * *."

The only statute dealing with appeals from orders of the Board is KRS 342.285, and it relates to final orders of the full Board.

Appellant contends the order refusing to authorize the joining of the Special Fund as a party is a final order and therefore is an appealable one.

Inasmuch as this specific question has not been heretofore answered by this court, we examine the reasons pro and con to determine whether such an order has the elements of finality to constitute an appealable order.

First, the statute dealing with the Special Fund does not provide for an appeal. Also by authority of KRS 342.125, the Board is given broad power over its own orders and awards and may "at any time review any award or order." Of course, these broad powers do not affect an appeal prosecuted pursuant to KRS 342.285.

We can think of one—and only one—reason for treating an order such as is being considered here as a final order, and that reason is the importance to the administrator of the Special Fund that he be a party before the case is finally prepared and tried on the merits so that he may participate in the litigation. This is a good reason, but the statute does not so provide, and there are other reasons we consider more important for treating such order as interlocutory and not appealable. What are the "other reasons"?

Compensation proceedings, unlike suits based on negligence for death, disability, and pain, are intended to take care of

lost or disabled industrial workers and "their dependents," and it is important to society that such proceedings be determined speedily and expeditiously without multiplicity of action or remedy. In the event a disabled worker or his dependents must, as in this case, await the trial of his claim by piecemeal through the circuit court and then through this court on every objectionable order of the Board, regardless of the element of finality, great hardship may result. We consider it a better policy that all the issues be determined by the Board in its final order and a one-package appeal provided therefrom.

The judgment is affirmed.