**B & B CONSTRUCTION COMPANY OF OHIO, INC., Appellant,**

v.

**Massar R. RADFORD et al., Appellees.**

Supreme Court of Kentucky.

Oct. 29, 1976.

Armer H. Mahan, Davis & Mahan, Louisville, for appellant.

John Frith Stewart, Segal, Isenberg, Sales, Stewart & Nutt, Louisville, for appellees.

PALMORE, Justice.

The appellee, Radford, filed a workmen's compensation claim on May 16, 1972. On February 13, 1974, after the proof had been submitted for decision but before the Board had acted upon it, he sought unsuccessfully to have the order of submission withdrawn so that he might introduce proof of what he alleged to be a change of condition. The Board awarded compensation against the employer alone (dismissing the claim as against the Special Fund), based on a 25% permanent partial disability. Both the claimant and the employer appealed to the circuit court, which on October 24, 1974, entered a judgment reversing the action of the Board and ordering it to reopen the case for further proof and to apportion liability between the employer and the Special Fund.

By an unpublished opinion handed down on June 18, 1975, this court reversed and directed the circuit court to enter a new judgment upholding the action of the Board. The mandate following this opinion was issued on July 22, 1975, and the circuit court complied with it on September 8, 1975.

Meanwhile, on August 29, 1975, the claimant filed with the Board a motion to reopen based essentially on the same change of condition mentioned in his previous motion of February 13, 1974, which motion, as indicated above, had been denied by the Board. Over the employer's objection that the Board had no jurisdiction to entertain the motion because it had been filed before the circuit court had acted on the mandate of this court, the Board on September 22, 1975, reopened the case for the purpose of hearing evidence on the merits of the motion.

The employer's appeal from the reopening order was dismissed by the circuit court

and the employer again appeals to this court, relying solely on the theory that the Board did not have jurisdiction of the proceeding on August 29, 1975, when the most recent motion to reopen was filed.

We are inclined to think that this position is hypertechnical. Conceding, as held in *Jerry's Drive In, Inc., v. Young,* Ky., 335 S.W.2d 323 (1960), that while an appeal is pending the Board has no authority to reopen, that the appeal was "pending" until the circuit court complied with the mandate of this court, and that the motion to reopen therefore was premature when filed, there can be no doubt that on September 22, 1975, when the Board acted, it did have jurisdiction of the proceeding. We are not disposed to say that its order was unauthorized for the simple reason that the motion had been prematurely lodged. Though we affirm the judgment of the circuit court on other grounds, we express this view in order to forestall another appeal on the same ground should the employer be aggrieved by the outcome of the reopening proceeding.

In dismissing the appeal the trial court relied on the policy against piecemeal appeals expressed in *Seidl v. Willen,* Ky., 411 S.W.2d 29, 31 (1967). The precise point made in the instant case was decided adversely to the appellant's position in *North American Refractories Co. v. Day,* 284 Ky. 458, 145 S.W.2d 75, 77 (1940), holding that although the denial of a motion to reopen is a final and appealable order, the granting of such a motion is not. See also *Huber & Huber Motor Frgt. Co. v. Workmen's Comp. Bd.,* Ky., 371 S.W.2d 481, 482 (1963). There has been no change in the law as announced in these opinions.

The judgment is affirmed.

All concur.