BIG LOTS, Appellant,

v.

Loritta WHITWORTH; Hon. James L. Kerr, Administrative Law Judge; Hon. John B. Coleman, Administrative Law Judge; and Workers' Compensation Board, Appellees.

No. 2011–CA–002188–WC.

Court of Appeals of Kentucky.

May 11, 2012.

Walter E. Harding, Louisville, KY, for appellant.

Wayne C. Daub, Louisville, KY, for appellee Loritta Whitworth.

Before LAMBERT, THOMPSON and VANMETER, Judges.

*OPINION*

VANMETER, Judge:

Big Lots petitions for the review of an opinion and order by the Workers' Compensation Board ("Board") dismissing its appeal from the Administrative Law Judge's ("ALJ") August 31, 2011, order granting Loritta Whitworth's motion to reopen her workers' compensation claim. We agree with the Board that the ALJ's order is interlocutory, and therefore affirm the Board's dismissal of the appeal.

On May 26, 2010, Loritta was awarded permanent partial disability benefits following her claim for workers' compensation. Thereafter, Loritta filed a motion to reopen her workers' compensation claim, alleging a worsening of her condition. Upon determining that Loritta had presented medical evidence to satisfy a prima facie showing that her condition warranted a reopening of her claim, the ALJ granted the motion to reopen, and directed the claim to be assigned for further proceedings. Big Lots then filed a petition for reconsideration, which the ALJ denied. Big Lots appealed to the Board, which determined the order was interlocutory, not final and appealable, and dismissed the appeal. This petition for review followed.

803 KAR[1] 25:010 Section 21(2) provides, in part, that:

(a) Within thirty (30) days of the date a final award, order, or decision rendered by an administrative law judge pursuant to KRS [2] 342.275(2) is filed, any party aggrieved by that award, order, or decision may file a notice of appeal to the Workers' Compensation Board.

(b) As used in this section, a final award, order or decision shall be determined in accordance with Civil Rule 54.02(1) and (2).

Under CR[3] 54.02(1),

any order or other form of decision ... which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

■ The ALJ's August 31, 2011, order granting Loritta's motion to reopen her workers' compensation claim only determined that Loritta established a prima facie showing to warrant a reopening of her claim. The order does not adjudicate Loritta's claim that her condition has worsened, nor does it adjudicate her claim that she is entitled to an increase of benefits. The order merely determines that enough evidence exists to allow Loritta a chance to argue before the ALJ that her condition has worsened. Big Lots maintains that if not allowed to appeal the ALJ's order, it would bear the costs of litigating the matter. We note that an interlocutory order may be appealable if a matter is finally litigated, or if it divests a party of a right in such a manner so that the ALJ could not place the parties in their original condition. *KI USA Corp. v. Hall,* 3 S.W.3d 355, 358 (Ky.1999) (citations omitted). *See also N. Am. Refractories Co. v. Day,* 284 Ky. 458, 462, 145 S.W.2d 75, 77 (1940) (holding that after a hearing in which the award is modified, its order to that effect would be appealable, and on appeal the issue of whether the claim was properly reopened could be raised). However, Kentucky courts have routinely held that exposure "to the inconvenience and cost of litigation does not alone justify immediate review of an otherwise nonfinal order." *Fayette County Farm Bureau Fed'n v. Martin,* 758 S.W.2d 713, 714 (Ky.App.1988) (citing *Nat'l Gypsum Co. v. Corns,* 736 S.W.2d 325 (Ky.1987)). Accordingly, we find the order to be interlocutory, and not final and appealable.

The opinion and order of the Board dismissing Big Lots' appeal is affirmed.

ALL CONCUR.

---

1. Kentucky Administrative Regulations.

2. Kentucky Revised Statutes.

3. Kentucky Rules of Civil Procedure.